

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS
November 19, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accts.
Austin, Texas

Opinion No. V-722

Re: Authority of A. & M.
College of Texas to
pay premiums for lia-
bility insurance on
its airplane.

Dear Sir:

We refer to your recent letter from which we quote:

"I am attaching hereto Voucher No. 60,
Department No. 842, Agricultural and
Mechanical College of Texas to Franks-
Vincent Insurance Service covering bodily
injury liability and property damage liability
under Hartford Accident & Indemnity Company
Aircraft Liability No. HA3-2134 premium
for $106.59, together with a letter addressed
to this department October 23, 1948 from the
auditor of A & M College.

"I shall thank you to advise this depart-
ment whether we may legally issue warrant
in payment of this claim."

In submitting its voucher No. A-235 to the
Comptroller of Public Accounts for issuance of warrant
thereon, the Auditor of A. & M. College attached his
letter, which reads, in part:

"This claim is submitted under auth-
ority contained in House Bill No. 246,
passed by the 50th Legislature Regular Ses-
sion, being the fifth paragraph of Section
4, which reads as follows:   'Any maintenance
or support items listed in the Main College,
or any of its branches or services shall be
construed to include labor, supplies, equip-
ment, travel, repairs, workmen's compensation
payments, insurance and bond premiums, and
contingent expense.'

"Attorney Generals Opinions O-184, O-201, O-842, O-1100, O-1762 and O-2130 relative to the matter of insurance are referred to in Opinion O-4315 which quotes from Opinion O-1100 as follows:

"'An available specific appropriation to pay the premium on any kind of a policy issued in favor of the State would amount to a subsequent declaration of policy by the Legislature and would, to that extent, repeal the policy announced by the Resolution above referred to.' (Senate Concurrent Resolution No. 3, passed by the Second Called Session of the 37th Legislature)."

Senate Concurrent Resolution No. 3, passed in the Second Called Session, 37th Legislature, Acts 1921, reads, in part:

"Resolved, by the Senate of the State of Texas, the House of Representatives concurring therein, That hereafter it shall be and is the fixed policy of this State that the State shall carry its own insurance upon State buildings and contents, and that no insurance policies shall be taken out upon any of the public buildings of this State, nor upon the contents thereof, and the State Board of Control and all other Boards having charge of buildings of the State, and the contents of such buildings, are hereby instructed not to have such buildings nor property insured, notwithstanding there may be items in the appropriation bills authorizing the expenditure of money for the payment of insurance premiums . . .

"Provided, however, that this resolution, or any part of its provisions shall not apply to or affect the University of Texas, and its branches, and that it is the fixed policy of the State that all buildings and the contents thereof belonging to the University of Texas, and its branches, shall be kept insured at all times against any loss by fire or tornadoes."

Section 13 of Article VII, Constitution of Texas,

provides:

> "The Agricultural and Mechanical Col-
> lege of Texas . . . is hereby made, and
> constituted a Branch of the University of
> Texas, for the instruction in Agriculture,
> the Mechanical Arts, and the Natural Sciences
> connected therewith . . ."

The authority of the Board of Directors of A.
& M. College to purchase airplanes and to acquire an air-
port and equipment therefor is recognized in Attorney
General's Opinion No. V-07 citing Articles 2608, 2615c,
and 2613, Section 6, V. C. S.

A careful search of the State laws and resolu-
tions subsequent to the passage of S.C.R. No. 3, Acts
1921, herein quoted, will reveal no change of legisla-
tive policy with respect to the insurance against loss
by fire and tornadoes of the public buildings and pro-
perty therein referred to.  We are apprised of no stat-
ute or resolution which authorizes, expressly or by im-
plication, the Directors of the A. & M. College to use
its public funds to pay property liability or casualty
liability premiums on insurance policies purporting to
cover such liabilities.

It is well established law in Texas, that the
State is not liable for the torts or negligences of its
officers, agents or servants engaged in the performance
of a governmental function unless it has first express-
ly assumed such liability.  See Attorney General's Opin-
ion No. O-1100 and authorities stated therein;  State v.
Morgan, 170 S.W. (2d) 652.  The question arises whether
the State has assumed such liability when it enacted
that part of Section 4 of H.B. 246, 50th Legislature,
Acts 1947, at page 665, appertaining to A. & M. College,
which reads:

> "Any maintenance or support items list-
> ed in the Main College, or any of its branches,
> or services shall be construed to include . . .
> insurance premiums . . ."

We think such provision is clear and unambigu-
ous.  Insofar as insurance premiums are concerned, it
authorizes the College to pay out of its funds appropri-
ted for College maintenance and support, premiums on in-
surance policies authorized under existing Texas laws,

such as insurance on property damage to College properties occasioned by fire or tornadoes.    Attorney General's Opinions Nos. O-6246 and O-1762.    There is absent therefrom any expression on the part of the Legislature to assume property liability or casualty liability occasioned by the officers, agents or servants of A. & M. College, or to authorize the College Board to expend appropriated funds for liability insurance premiums. Furthermore, H. B. 246, Acts 1947, is an appropriation bill as distinguished from general legislation; its provisions may not be construed to repeal expressly or by implication general legislation or established law.    Moore v. Sheppard, 192 S.W.(2d) 559.    In short, we can find in said Section 4, no language indicative of a change of legislative policy with respect to insurance of A. & M. properties which differs with that announced in S.C.R. No. 3, Acts 1921.

Since the State is not liable for the torts or negligence of its officers, agents or employees, being protected therefrom by reason of its sovereignty, it follows that the Board of Directors of A. & M. College has no authority to expend its public fund for protective liability insurance for which it has no need. Opinion No. O-1100.    Accordingly, the premium on the policy under consideration may not legally be paid from the current appropriations made to A. & M. College in maintenance and support items for "insurance premium". Sec. 4, H. B. 246, Acts 1947; Attorney General's Opinion O-4315.

## SUMMARY

The Board of Directors of A. & M. College has no authority to pay premiums for liability insurance on its airplane out of current appropriations made in H. B. 246, Acts 1947.

Section 4 of H.B. 246, permitting the use of A. & M. College's "maintenance and support items for . . . insurance premiums", does not change or enlarge the legislative policy with respect to insurance of State properties as

Hon. Geo. H. Sheppard, page 5 (V-722)

announced in S.C.R. No. 3, Acts 1921.
Attorney General's Opinion O-1100; State
v. Morgan, 170 S.W. (2d) 652.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mw:mds

APPROVED:

*Price Daniel*
ATTORNEY GENERAL