BEAUMONT STATE CENTER,
Petitioner,

v.

Donald KOZLOWSKI, as next friend
of Byron ALLEN, Respondent.

No. 02–0243.

Supreme Court of Texas.

June 5, 2003.

Lisa Royce Eskow, Jeffrey S. Boyd, John P. Giberson, Barry Ross McBee and Rafael Edward Cruz, Office of Attorney General, Greg Abbott, Attorney General, Howard G. Baldwin, First Asst. Atty. Gen. of Texas, Julie Caruthers Parsley, Office of the Solicitor Gen., Austin, for Petitioner.

Brett S. Thomas, Bush Lewis & Roebuck, P.C., Beaumont, for Respondent.

PER CURIAM.

The controlling issue in this case is whether section 321.003 of the Texas Health and Safety Code evidences the Legislature's intent to waive the State's sovereign immunity clearly and unambiguously. Donald Kozlowski, as next friend of Byron Allen, sued Beaumont State Center, alleging that it negligently allowed another patient to injure Allen. The Center filed a plea to the jurisdiction asserting sovereign immunity. When Allen's alleged injuries occurred, the Beaumont State Center was part of the Texas Department of Mental Health and Mental Retardation and is therefore entitled to assert sovereign immunity. *See* Tex. Health & Safety Code § 532.001(b)(21), amended by Act of June 14, 2001, 77th Leg., R.S., ch. 893 § 1, 2001 Tex. Gen. Laws 1786. The district court denied the plea and the Center appealed. The court of appeals affirmed, holding that, section 321.003 waives sovereign immunity in both public and private mental health and mental retardation facilities. 70 S.W.3d 345, 349; *see also* Tex. Health & Safety Code §§ 321.003(a), (b); 571.003(12).

The Center petitioned our Court for review, alleging conflicts jurisdiction under section 22.225(c). Tex. Gov't Code § 22.225(c). The court of appeals had previously noted that its holding was in conflict with the holding in *Texas Department of Mental Health & Mental Retardation v.*

*Lee,* 38 S.W.3d 862 (Tex. App.-Fort Worth 2001, pet. denied). *Spindletop MHMR v. Doe,* 54 S.W.3d 893, 896 (Tex.App.-Beaumont 2001, pet. denied). We agree because the court of appeals' decision in this case would operate to overrule *Lee* had they issued from the same court. *See* TEX. GOV'T CODE § 22.225(c); *Coastal Corp. v. Garza,* 979 S.W.2d 318, 319–20 (Tex.1998).

In *Wichita Falls State Hospital v. Taylor,* 106 S.W.3d 692 (Tex.March 6, 2003), we held that section 321.003 of the Texas Health and Safety Code did not waive the State's sovereign immunity. Our holding in *Taylor* is dispositive here. Accordingly, without hearing argument, we grant the petition for review, reverse the court of appeals' judgment denying the Center's plea to the jurisdiction, and dismiss Kozlowski's claims for want of jurisdiction. TEX.R.APP. P. 59.1.