COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-241-CV
 
EUNICE RICHARDSON AND                                                  APPELLANTS 
BOBBY RICHARDSON, INDIVIDUALLY,
AND ON BEHALF OF THE ESTATE OF
KENT RICHARDSON, DECEASED  
 
V.
 
ROBERT F. KAYS AND STATE FARM                                        APPELLEES 
LLOYDS INSURANCE                                                                               
 
------------
 
FROM THE 
153RD DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        The parties have filed a joint application seeking permission to appeal an 
August 4, 2003 interlocutory order of the trial court. 
 

 After careful 
consideration, we deny permission to appeal the trial court’s interlocutory order.
        The parties’ joint application informs us that the Richardsons’ son, Kent 
Richardson, was killed after a domestic disturbance involving Robert F. Kays, 
who subsequently pleaded guilty to criminally negligent homicide. The 
Richardsons, individually and on behalf of their son’s estate, settled with Kays 
under an auto insurance policy Kays had with State Farm Mutual Automobile 
Insurance Company of Texas. The settlement release specifies that it does not 
pertain to any claims by the Richardsons against Kays’ condominium policy 
issued by State Farm Lloyds Insurance (“State Farm Lloyds”). 
        The Richardsons, individually and on behalf of their son’s estate, then 
filed suit against Kays and State Farm Lloyds alleging Kay’s negligence and 
seeking a declaration of coverage under the condominium policy. Kays 
counterclaimed for breach of contract. 
        State Farm Lloyds filed a motion for summary judgment and a plea to the 
jurisdiction. On August 4, 2003, the trial court signed the order that the parties 
seek to appeal as a permissive interlocutory appeal. See Tex. Civ. Prac. & Rem. 
Code Ann. § 51.014(d) (Vernon Supp. 2003). This order holds that: 
        • State Farm Lloyds’ plea to the jurisdiction is granted “because [the 
Richardsons] do not have standing as third parties to the policy.” 

        • The Richardsons’ allegations in their petition are “ripe for adjudication 
because [they] plead facts demonstrating that no coverage exists under the 
policy.” 

        • The Richardsons’ petition for declaratory judgment against State Farm 
Lloyds is dismissed without prejudice. 

        • State Farm Lloyds’ motion for summary judgment is dismissed as moot. 
        The trial court’s order does not dispose of the dispute between the 
Richardsons and Kays; therefore, it is not final and appealable. Hinde v. Hinde, 
701 S.W.2d 637, 639 (Tex. 1985) (holding that absent certain exceptions, 
appellate courts can review only final and definite judgments, and a final 
judgment fully disposes of all issues and parties in the lawsuit); cf. Tex. Civ. 
Prac. & Rem. Code Ann. § 51.014(a)(1-8) (specifying that certain types of 
interlocutory orders are appealable). 
 

 However, on August 14, 2003, the trial 
court signed an order stating the parties agree the August 4, 2003 order 
involves a controlling question of law as to which there is a substantial ground 
for difference of opinion, and an immediate appeal from the order may 
materially advance the ultimate termination of the litigation. See Tex. Civ. Prac. 
& Rem. Code Ann. § 51.014(d). 
        In their joint application to this court, the parties agree that the issues to 
be resolved in this permissive appeal are: “(1) whether the trial court has 
jurisdiction over the Richardsons’ claims to determine coverage; (2) and, if so, 
whether or not the trial court properly determined that there was no coverage 
under the policy of insurance issued by State Farm Lloyds to Robert Kays.” 
        Regarding the parties’ request to appeal the issue of the Richardsons’ 
standing to proceed with their suit against State Farm Lloyds, other than 
reciting the proposed issue on appeal, the parties’ joint application for this 
permissive appeal does not mention, discuss, or analyze why the issue of the 
Richardsons’ standing to sue involves a controlling question of law as to which 
there is a substantial ground for difference of opinion. See id. § 51.014(d)(1). 
Additionally, the three exhibits submitted by the parties with their joint 
application offer no further guidance to this court as to the specific nature of 
the issues the parties seek to appeal. 
 

 Accordingly, we decline the parties’ 
request that this court permit an appeal to be taken from the granting of State
Farm Lloyds’ plea to the jurisdiction.
        After the trial court granted State Farm Lloyds’ plea to the jurisdiction and 
ruled that the Richardsons lacked standing to sue State Farm Lloyds, the proper 
action was for the trial court to dismiss the Richardsons’ action against State 
Farm Lloyds. See Beaumont State Ctr. v. Kozlowski, 108 S.W.3d 899, 900 
(Tex. 2003). In fact, the trial court’s August 4, 2003 order dismisses the 
Richardsons’ petition for declaratory judgment and dismisses as moot State 
Farm Lloyds’ motion for summary judgment. Because we have denied the 
parties’ request to appeal the granting of State Farm Lloyds’ plea to the 
jurisdiction, we need not address the parties’ contingent request to appeal the 
trial court’s finding of no coverage under the insurance policy. 
 
                                                                  PER CURIAM 
PANEL B:   HOLMAN, LIVINGSTON, and DAUPHINOT, JJ. 
 
DELIVERED: October 30, 2003