RICHARDSON V. KAYS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-241-CV

EUNICE RICHARDSON AND APPELLANTS

BOBBY RICHARDSON, INDIVIDUALLY,

AND ON BEHALF OF THE ESTATE OF

KENT RICHARDSON, DECEASED 

V.

ROBERT F. KAYS AND STATE FARM APPELLEES

LLOYDS INSURANCE 

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The parties have filed a joint application seeking permission to appeal an August 4, 2003 interlocutory order of the trial court.
(footnote: 2)  After careful consideration, we deny permission to appeal the trial court’s interlocutory order.

The parties’ joint application informs us that the Richardsons’ son, Kent Richardson, was killed after a domestic disturbance involving Robert F. Kays, who subsequently pleaded guilty to criminally negligent homicide.  The Richardsons, individually and on behalf of their son’s estate, settled with Kays under an auto insurance policy Kays had with State Farm Mutual Automobile Insurance Company of Texas.  The settlement release specifies that it does not pertain to any claims by the Richardsons against Kays’ condominium policy issued by State Farm Lloyds Insurance (“State Farm Lloyds”). 

The Richardsons, individually and on behalf of their son’s estate, then filed suit against Kays and State Farm Lloyds alleging Kay’s negligence and seeking a declaration of coverage under the condominium policy.  Kays counterclaimed for breach of contract.   

State Farm Lloyds filed a motion for summary judgment and a plea to the jurisdiction.  On August 4, 2003, the trial court signed the order that the parties seek to appeal as a permissive interlocutory appeal.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(d) (Vernon Supp. 2003).  This order holds that:

•  State Farm Lloyds’ plea to the jurisdiction is granted “because [the Richardsons] do not have standing as third parties to the policy.” 

•  The Richardsons’ allegations in their petition are “ripe for adjudication because [they] plead facts demonstrating that no coverage exists under the policy.”  

•  The Richardsons’ petition for declaratory judgment against State Farm Lloyds is dismissed without prejudice.    

•  State Farm Lloyds’ motion for summary judgment is dismissed as moot.

The trial court’s order does not dispose of the dispute between the Richardsons and Kays; therefore, it is not final and appealable.  
Hinde v. Hinde
, 701 S.W.2d 637, 639 (Tex. 1985) (holding that absent certain exceptions, appellate courts can review only final and definite judgments, and a final judgment fully disposes of all issues and parties in the lawsuit); 
cf
.
 Tex. Civ. Prac. & Rem. Code Ann
. § 51.014(a)(1-8) (specifying that certain types of interlocutory orders are appealable).
(footnote: 3)  However, on August 14, 2003, the trial court signed an order stating the parties agree the August 4, 2003 order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014(d).

In their joint application to this court, the parties agree that the issues to be resolved in this permissive appeal are: “(1) whether the trial court has jurisdiction over the Richardsons’ claims to determine coverage; (2) and, if so, whether or not the trial court properly determined that there was no coverage under the policy of insurance issued by State Farm Lloyds to Robert Kays.”

Regarding the parties’ request to appeal the issue of the Richardsons’ standing to proceed with their suit against State Farm Lloyds, other than reciting the proposed issue on appeal, the parties’ joint application for this permissive appeal does not mention, discuss, or analyze why the issue of the Richardsons’ standing to sue involves a controlling question of law as to which there is a substantial ground for difference of opinion.  
See id
. § 51.014(d)(1).  Additionally, the three exhibits submitted by the parties with their joint application offer no further guidance to this court as to the specific nature of the issues the parties seek to appeal.
(footnote: 4)  Accordingly, we decline the parties’ request that this court permit an appeal to be taken from the granting of State Farm Lloyds’ plea to the jurisdiction.

After the trial court granted State Farm Lloyds’ plea to the jurisdiction and ruled that the Richardsons lacked standing to sue State Farm Lloyds, the proper action was for the trial court to dismiss the Richardsons’ action against State Farm Lloyds.  
See
 
Beaumont State Ctr. v. Kozlowski
, 108 S.W.3d 899, 900 (Tex. 2003).  In fact, the trial court’s August 4, 2003 order dismisses the Richardsons’ petition for declaratory judgment and dismisses as moot State Farm Lloyds’ motion for summary judgment.  Because we have denied the parties’ request to appeal the granting of State Farm Lloyds’ plea to the jurisdiction, we need not address the parties’ contingent request to appeal the trial court’s finding of no coverage under the insurance policy.   

PER CURIAM

PANEL B: HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED:  October 30, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Robert F. Kays did not join in the filing of this joint application.

3:
See also
 Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 1.03, sec. 51.014(a), 2003 Tex. Gen. Laws 847, 849 (adding § 51.014a(9) & (10)) (effective Sept. 1, 2003).

4:
These three exhibits are:  the “Compromise Settlement Release and Indemnity Agreement” between the Richardsons, Kays, and State Farm County Mutual Insurance Company of Texas; the trial court’s August 4, 2003 “Amended Order” that the parties seek to appeal; and the trial court’s August 14, 2003 “Order Granting Interlocutory Appeal.”