THE STATE OF TEXAS ET AL V. JAMES (JIM) I. MORGAN.

No. 8050. Decided March 31, 1943.
(170 S. W., 2d Series, 652.)

*Gerald C. Mann,* Attorney General, *Wm. J. Fanning, Edgar Pfeil, Ardell Williams* and *Geo. W. Barcus,* Assistants Attorney General, for petitioner.

Since petitioners were engaged in a governmental business at the time respondent received his injury, neither the State of Texas nor the Texas Agricultural & Mechanical College is liable for the damages or injuries received by him while he was working for said college. City of Waco v. Branch, 117 Texas 394, 5 S. W. (2d) 498; Texas Prison Board v. Cabeen, 159 S. W. 523; Matkins v. State, 123 S. W. (2d) 953.

*Alfred J. Duperier,* and *Adams, Hart & Daughtry,* all of Beaumont, for respondents.

When the State through its agent employed plaintiff to work at its experimental station, it entered into a relation of master and servant with him, and by not furnishing him safe and useable implements or tools with which to work it breached its implied contract to provide a safe place to work and to use ordinary care in furnishing him with reasonable safe appliances with which to work, and was therefore liable in damages for a breach of its implied contract. Fristoe v. Blum, 92 Texas 76, 45 S. W. 998; Imperial Sugar Co. v. Cabell, 179 S. W. 83.; State v. Purcell, 16 Texas 305.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit was filed by James I. Morgan pursuant to legislative permission against the State of Texas and the State Agricultural Experimental Stations of Texas A. & M. College, and other defendants not necessary to name, to recover damages for personal injuries sustained while working for the experimental

station at Amelia, Texas. The trial court sustained a general demurrer to the petition and entered judgment for the State. The El Paso Court of Civil Appeals, the case having been transferred to that court from the Austin Court of Civil Appeals, reversed the judgment of the trial court dismissing the case, and remanded the cause for trial on the merits. (Opinion not published).

Plaintiff alleged that in July 1940 he was employed by the State acting through R. H. Wyche, superintendent of the experiment station at Amelia, for an agreed salary of $50.00 a month. He appears to give particular significance to the allegation that he was employed by contract (verbal). He alleged that by virtue of the contract of employment made with Wyche the State impliedly and as a matter of law agreed to use ordinary care to furnish him with reasonably safe instrumentalities with which to perform his work and a reasonably safe place in which to work; that the State acting through Wyche breached the agreement and delivered to him a defective pump with which to spray one of the buildings of the station; and that he, while in the performance of the assigned task in a proper manner, sustained the injuries complained of.

It appears to be plaintiff's view that his relation to the State being contractual and the relation of master and servant having thereby arisen, its failure to use ordinary care to furnish him a reasonably safe pump with which to perform the work assigned, constituted a breach of contract whereby the State became liable to him in the same manner that an individual employer would have become liable under similar circumstances. He alleged that his injuries and the damage sustained therefrom were a direct and proximate result of the negligent breach of his alleged contract of employment. The Court of Civil Appeals concedes that the State in conducting through A. & M. College its experimental stations, was acting in a governmental capacity, as distinguished from a propietary capacity.

Plaintiff's points are discussed under two groups, the first of which relates to his proposition that, though the State was not liable for his negligent injury as a pure tort, regardless of whether the tortious act grew out of the performance of a governmental or a proprietary function, it was legally responsible for its contract, and, as a necessary consequence, was

liable for its negligent breach. The remaining points relate to plaintiff's second proposition that the petition alleged a cause of action against the State under a "pre-existing law" (the common law in force), within the meaning of the constitution; and that under the alleged facts an implied contract arose under the constitution upon which the State was liable for the breach of the same as an individual employer would be.

The attorney general on behalf of the State and the other relators grounded the application for writ of error upon two points; (1) that since relators were engaged in a governmental business at the time Morgan received his alleged injuries they were not liable therefor; (2) that since Morgan admitted that at the time he received his injuries the State was acting in a governmental capacity, respondent did not allege a cause of action against either the State or the college, there being no pre-existing law whereby one of its agents was authorized to bind it in the particulars alleged by plaintiff. The writ was granted upon both propositions.

■ The controlling question in connection with the first proposition is whether the relators were liable in damages to Morgan because Wyche, their agent, furnished him a defective instrumentality with which to work.

The Court of Civil Appeals in reversing the judgment of the trial court based its opinion on State v. Elliott, 212 S. W. 695 in which this Court refused the State's application for writ of error from a judgment in Elliott's favor. It was the view of the Court of Civil Appeals in the present case that the disposition of the Elliott case could be justified on the sole proposition that as to non-delegable duties owed by an employer to an employee by reason of the contract of employment, the State was bound to the same extent as a private employer.

It is unnecessary to discuss the Elliott case further than to point out that it was admitted there, that the State, in operating the State railroad on which Elliott (one of its employees) was injured, was engaged in a proprietary business and was not acting in a governmental capacity. This is the feature of that case while, among others, distinguishes it from the present case. The State was not engaged in a proprietary enterprise in operating through A. & M. College the experiment station which employed Morgan, the plaintiff here.

The distinction pointed out was made by the Austin Court of Civil Appeals in Brooks v. State, 68 S. W. (2d) 534. Brooks received injuries while working for the State highway department caused by the negligence of another State employee. The trial court sustained a general demurrer to his petition in which he sought damages against the State. Brooks sought relief for recovery in large measure on what he understood the doctrine of the Elliott case to be. The Court of Civil Appeals correctly held in the Brooks case that his recovery of damages was based upon the principle that the operation by the State of the State Railroad for which he was working when injured, was not in the performance of a governmental function, but of one proprietary in character. In holding that the trial court correctly sustained a demurrer to the petition the Court stated it was settled law that "the State is not liable for torts or negligence of its officers, agents or servants engaged in the performance of a governmental function, *unless it has expressly assumed such liability*, citing 25 R. C. L. 407, 59 C. J. 194; 13 A. L. R., 1276 and Adkinson v. City of Port Arthur (Tex. Civ. App.)', 293 S. W. 191. The application of Brooks for writ of error was refused by this Court. Other cases by the Courts of Civil Appeals, which based their holdings upon the principle stated, and in which applications for writs of error by the respective plaintiffs were refused, are Martin v. State, 88 S. W. (2d) 131; Welch v. State, 148 S. W. 876, and Texas Prison Board v. Cabeen, 159 S. W. (2d) 523. In the case last cited the Court restated the following doctrine, and the reason therefor, laid down in Clough v. Worsham, 32 Texas Civ. App. 187, 74 S. W. 350, as follows:

"And here the doctrine is now firmly established that public officers and agents are not responsible for the misfeasances or positive wrongs, or for the nonfeasances or negligences or omissions of duty, of the sub-agents or servants or other persons properly employed by and under them in the discharge of their official duties. * * * *For if the doctrine of respondent superior were applied to such agencies* (The Texas Prison System there), it would operate as a serious discouragement to persons who perform public functions, many of which are rendered gratuitiously, and all of which are highly important to the public interest."

It follows from what has been said above that the relators in the present case did not become liable to respondent by virtue of Wyche's failure to furnish him a safe pump with

which to perform his work. It follows also that there is no distinction proper to be made between those cases and the present case, as to the State's liability, whether the cases be viewed as grounded upon a breach of the contracts of employment creating the relation of master and servant, or whether they be viewed as pure tort actions. In fact all of the State's salaried employees perform their duties pursuant to an implied contract between them and the State.

■ The second proposition rests upon the view that plaintiff's claim was one authorized by "pre-existing law" within the purview of sections 44 and 49 of article III of the State constitution.

This view is denied in principle in State v. Ragland Clinic-Hospital, 138 Texas 393, 150 S. W. 105. Plaintiff in the present case points to no statute conferring on an employee of A. & M. College, or the experiment stations conducted by it, authority to bind the State upon either an implied or express understanding that its employees in charge of the stations will use ordinary care to furnish those engaged by them safe instrumentalities with which to carry on the work assigned them; nor did the common law in force when Morgan's contract was made obligate the State to forego its sovereign authority not to be bound as a private employer in that particular. Certainly the constitutional provisions invoked (secs. 44 and 49, supra) do not so bind the State either expressly or impliedly. To give these provisions such a construction would, in the language of the case just cited, "subject the State to almost unlimited liability."

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court March 31, 1943.