Sonia MALDONADO and Zap Velasquez, Individually and as Next Friend of Zap Anthony Velasquez, A Minor Child, Appellants,

v.

FRIO HOSPITAL ASSOCIATION d/b/a Frio County Hospital, Appellee.

No. 04–99–00483–CV.

Court of Appeals of Texas, San Antonio.

June 21, 2000.

Karl B. Brock, W. Burl Brock, Brock & Brock, P.C., San Antonio, for Appellant.

Ruth G. Malinas, Ball & Weed, P.C., San Antonio, W. Richard Wagner, Patterson & Wagner, L.L.P., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: CATHERINE STONE, Justice.

Sonia Maldonado and Zap Velasquez ("Appellants") contest the trial court's grant of a summary judgment in favor of Frio Hospital Association ("Association.") Because we hold the Association established official immunity as a matter of law, we affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On April 3, 1995, appellant Sonia Maldonado entered Frio Hospital in the early stages of labor. Around five o'clock in the morning, a doctor examined Maldonado and placed her on a pitocin drip to encourage labor. An hour later, a nurse observed very little progress in Maldonado's condition. Another nurse then secured a fetal heart monitor to Maldonado set at one centimeter per minute. Maldonado's baby, Zap Anthony, was delivered shortly after midnight on April 4, 1995. Appellants allege that as a result of negligence in fetal monitoring by nurses and other personnel employed by the Association, Maldonado's labor was prolonged, causing her son to suffer from severe brain damage and chronic seizures. Specifically, appellants complain the Association, through its employees, failed to properly calibrate the fetal heart monitor, operate the monitor, or formulate appropriate standards of use. The Association moved for summary judgment under the Texas Tort Claims Act ("TTCA") on the grounds of official immunity. The trial court granted a general summary judgment in favor of the Association, from which appellants now appeal.

### STANDARD OF REVIEW

We review summary judgments *de novo.* *Sasser v. Dantex Oil & Gas, Inc.,* 906 S.W.2d 599, 602 (Tex.App.-San Antonio 1995, writ denied). To prevail on summary judgment, the movant must show there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). When a defendant moves for summary judgment on an affirmative defense, like immunity, the defendant must conclusively prove each element of the defense as a matter of law. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex. 1994). If the defendant meets this burden, the plaintiff must then produce evidence raising a genuine issue of material fact to avoid the affirmative defense. *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex.App.-Corpus Christi 1991, writ denied). In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex.1985). All inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.*

### Hospital District Management Contractor

■ Appellants' first issue, and the crux of this appeal, revolves around interpretation of the Hospital District Management Contractor statute, which allows certain rural districts to hire independent, nonprofit entities to manage the hospitals. *See* Tex. Health & Safety Code Ann. § 285.071 (Vernon 1992). On January 1, 1990, the Association signed a fifteen-year management contract with the Frio Hospital District to manage Frio Hospital. No dispute exists between the parties about whether the Association meets the statutory classification of a hospital district management contractor. Rather, the dispute concerns the extent of the Association's liability. The Health and Safety Code provides:

> A hospital district management contractor and any employee of the contractor are, while performing services under the contract for the benefit of the hospital, employees of the hospital district for the purposes of Chapters 101 and 102, Civil Practice and Remedies Code.

Tex. Health & Safety Code Ann. § 285.072 (Vernon 1992).

Appellants advance the view that this statute creates a vicarious liability situation in the Association. Because the Association hired the nurses who treated Maldonado, appellants argue principles of vicarious liability apply. Appellants contend that if the nurses were negligent in their use of the fetal monitor, then the Association is vicariously liable.

Conversely, the Association responds the statute creates a co-employee structure, not a respondeat superior situation. The Association claims that under the clear wording of the statute, the Association and its employees, specifically the nurses who treated Maldonado, are co-employees, and Frio Hospital District, a governmental unit, is the common employer. The Association further contends the statute imposes liability exclusively on the hospital district as the common employer.

To support its argument that government employees cannot be liable for their fellow employees' negligence in the absence of knowing and active participation, the Association cites *State v. Morgan*, 140 Tex. 620, 170 S.W.2d 652, 654 (1943); *Vargas v. City of San Antonio*, 650 S.W.2d 177, 180 (Tex. App.-San Antonio 1983, writ dism'd); *Tumlinson v. City of Brownsville*, 178 S.W.2d 546, 547 (Tex.Civ.App.-San Antonio 1944, writ ref'd). Although these cases issued prior to the creation of the TTCA or the health contractor statute, we nevertheless find them instructive. These courts adopted the view that supervisory governmental employees were not liable for a subordinate employee's negligence. *Morgan*, 170 S.W.2d at 654. The public policy behind this view operates to encourage public employment. *Id.*

■■ In the absence of any case law interpreting the management contractor statute, we look to the plain wording of the statute to determine legislative intent. *See State v. Terrell*, 588 S.W.2d 784, 786 (Tex.1979)(recognizing fundamental rule in statutory construction is court adherence to legislative intent "as expressed in the language of that statute."). We agree with the Association's interpretation of the statute because the statutory language is clear and unambiguous. *See RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985)(holding that unless a statute is ambiguous, courts must abide by the clear language of the statute). As we read the statute, for purposes of asserting a negligence claim under the TTCA, an aggrieved party must look to the hospital district as the proper defendant. The language stipulates a hospital district management contractor *and the contractor's employees* are statutory employees of the hospital district. *See* Tex. Health & Safety Code Ann. § 285.072 (Vernon 1992)(emphasis added). The statute clearly recognizes the Association's administrative role in hiring nurses and other hospital personnel. Despite this role, liability for activities performed by the Association's em-

ployees pursuant to the contract remains exclusively with the hospital district. The statute essentially creates the distinct role of super-employer in the hospital district. Appellants' argument would require this court to insert vicarious liability language into the statute. As noted by the Texas supreme court:

> It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose ... Likewise, we believe every word *excluded* from a statute must also be presumed to have been *excluded for a purpose.* Only when it is necessary to give effect to the clear legislative intent can we insert additional words or requirements into a statutory provision.

*Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 552 (Tex.1981)(emphasis added). If the Legislature desired to create a situation where the Association exposed itself to vicarious liability for the actions of its employees, the explicit language in place would require significant revision. However, this court is "not free to rewrite the statutes to reach a result we might consider more desirable, in the name of statutory construction." *Public Utility Comm'n v. Cofer,* 754 S.W.2d 121, 124 (Tex.1988).

■ We must likewise reject appellants' claim that the Association is liable under the tangible property provision of the TTCA. Specifically, appellants allege negligence by the Association through its employee-nurses in the operation of the fetal monitor pursuant to section 101.021(2)(Vernon 1997). *See* Tex.Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 1997).[1] The co-employee status of the Association and its employee-nurses precludes liability even if it were determined that the nurses were negligent in their use of the fetal monitor. Appellants' remedy, if any, is against the individual practition-

ers and the Frio Hospital District. We overrule appellants' first issue.

### Holmes Affidavit

■ In their second issue on appeal, appellants argue the trial court erred in overruling their objections to the affidavit of the hospital administrator, Alan Holmes. The rules of civil procedure permit the trial court to consider the affidavit of an interested witness in a summary judgment if the testimony is: (1) clear, positive and direct; (2) otherwise credible and free from contradictions and inconsistencies; and (3) susceptible to being readily controverted. Tex.R. Civ. P. 166a(c); *Republic v. Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986). The admission or exclusion of summary judgment evidence rests within the sound discretion of the trial court. *Sanders v. Shelton,* 970 S.W.2d 721, 727 (Tex.App.-Austin 1998, pet. denied).

Appellants object to the Holmes affidavit on the grounds that it purports to establish that the Association exercised no medical discretion over the birth of Zap Anthony, and that Holmes is an interested witness who offers no more than conclusory legal statements. We disagree. *See McCord v. Memorial Med. Ctr. Hosp.,* 750 S.W.2d 362, 363 (Tex.App.-Corpus Christi 1988, no writ)(holding affidavit from hospital district administrator and president sufficient summary judgment evidence to establish hospital district as political subdivision of State). Holmes testified about the Association's administrative activities, namely hospital hiring practices. This testimony satisfied the requirements of personal knowledge within the parameters of the procedural requirements. *See* Tex.R. Civ. P. 166a(c),(f); *Ryland Group, Inc., v. Hood,* 924 S.W.2d 120, 122 (Tex.1996). In any event, our recognition of the Association's immunity under the hospital district

---

1. Section 101.021 provides that a governmental unit in the state is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2) (Vernon 1997).

**278**

management contractor liability statute renders this argument moot. The trial court did not abuse its discretion in admitting the affidavit as competent summary judgment evidence. We overrule appellants' second issue and affirm the judgment of the trial court.