No. 04-00-00360-CV



Jaime GARCIA,


Appellant



v.



Elizabeth GARCIA-GIESICK, the Independent Executor of the Estate of Israel Garcia,
Deceased,

Appellee



From the Probate Court No. 2 of Bexar County, Texas


Trial Court No. 98-PC-1990


Honorable Sandee Bryan Marion, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Alma L. López, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: November 21, 2001


AFFIRMED

 Jaime Garcia appeals the summary judgment granted in favor of Elizabeth Garcia-Giesick,
executor of the estate of Israel Garcia. We affirm.

Background

 Jaime Garcia ("Garcia") brought suit against Elizabeth Garcia-Giesick, executor of the estate
of Israel Garcia ("Executor"). Garcia (1) sought to recover title to property that his father conveyed to
Israel Garcia ("decedent") under the theory of constructive trust. Specifically, he alleged: (1) an oral
agreement existed between his father and decedent pursuant to which his father conveyed the
property to decedent in consideration for a $50,000 loan; upon repayment, decedent was to reconvey
the property to Garcia's father; (2) the Executor refuses to convey the property to Garcia if the loan
is repaid; (3) by retaining the property, the Executor is unjustly enriched because she is retaining
permanently property intended to be held only while the loan remained unpaid; and (4) such unjust
enrichment should be remedied by a constructive trust in Garcia's favor. The Executor filed a no-evidence motion for summary judgment. In response, Garcia produced four affidavits. The Executor
filed various objections to the affidavits. The trial court sustained some objections and overruled
others. The trial court then granted the Executor's motion for summary judgment.

 Garcia asserts two issues on appeal: 1) the trial court erred in sustaining the Executor's
objections to Garcia's summary judgment evidence; and 2) the trial court erred in granting summary
judgment for the Executor because Garcia's evidence was sufficient to present a question of material
fact as to the alleged loan agreement between Roberto and decedent.

Evidentiary Rulings Garcia argues that application of Texas Rule of Evidence 601(b), commonly referred to as
the Dead Man's Rule, to his summary judgment evidence was improper. Rulings concerning the
admission or exclusion of summary judgment evidence are reviewed under an abuse of discretion
standard. See Maldonado v. Frio Hosp. Ass'n, 25 S.W.3d 274, 277 (Tex. App.-San Antonio 2000,
no pet.); Sanders v. Shelton, 970 S.W.2d 721, 727 (Tex. App.-Austin 1998, pet. denied). A trial
court abuses its discretion if it acts without reference to any guiding rules or principles. See E.I. du
Pont de Nemours and Co., Inc. v. Robinson, 923 S.W.2d 549, 558 (Tex.1995); Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985).


 Garcia, in his affidavit, describes the circumstances surrounding the alleged loan agreement.
Specifically, he discusses how the decedent requested, as security for a loan, that Garcia's father,
Roberto, convey to him a parcel of land. He further explains that both parties agreed to the
transaction. The Executor objected to Garcia's affidavit because the statements contained therein are
uncorroborated as required by Texas Rule of Evidence 601(b). The trial court sustained the
objection. Texas Rule of Evidence 601(b) provides that:

 In civil actions by or against executors, administrators, or guardians,
in which judgment may be rendered for or against them as such,
neither party shall be allowed to testify against the others as to any
oral statement by the testator, intestate, or ward, unless that testimony
to the oral statement is corroborated or unless the witness is called at
the trial to testify thereto by the opposite party; and, the provisions of
this article shall extend to and include all actions by or against the
heirs or legal representatives of a decedent based in whole or in part
on such oral statement. 

 Garcia first argues that because he brought suit against the Estate, rather than any executor,
heir, or legal representative, Rule 601(b) does not apply to his affidavit. In his petition, Garcia names
"the Estate of Israel Garcia" as defendant. Although Garcia brought suit against Israel Garcia's
"estate," a decedent's estate is not a legal entity and can neither sue nor be sued. Henson v. Estate
of Crow, 734 S.W.2d 648, 649 (Tex.1987); Richardson v. Lake, 966 S.W.2d 681, 683 (Tex.
App.-San Antonio 1998, no pet.). Accordingly, a suit by or against an estate must be brought in the
name of its legal representative. See Estate of C.M. v. S.G., 937 S.W.2d 8, 10 (Tex. App.-Houston
[14th Dist.] 1996, no writ); Peek v. DeBerry, 819 S.W.2d 217, 218 (Tex. App.-San Antonio 1991,
writ denied). Thus, we must construe the suit as one against the executor. Estate of C.M., 937
S.W.2d at 10. 

 Garcia further argues that even if Rule 601(b) does apply, his testimony is corroborated and,
therefore, admissible. Tex. R. Evid. 601(b). Garcia cites testimony from his own affidavit, as well
as testimony from the affidavits of Roberto Garcia, Hilda Garcia, and Arturo Figueroa, arguing that
statements contained in these affidavits corroborate the testimony contained in his affidavit.
Generally, corroboration of a witness's testimony may come from any competent witness or other
legal source. Tramel v. Estate of Billings, 699 S.W.2d 259, 262 (Tex. App.-San Antonio 1985, no
writ). Corroboration of an interested party's testimony, however, may not emanate from him or
depend on his credibility. Id. Garcia is an interested party. Accordingly, we cannot look to Garcia's
own affidavit to corroborate his testimony. Id. Instead, we must limit our review to the other three
affidavits.

 The Executor objected to the testimony in the affidavits of Roberto Garcia, Hilda Garcia, and
Arturo Figueroa on multiple grounds. The trial court excluded on hearsay and conclusory grounds
all testimony in the affidavits concerning the alleged oral agreement. Although Garcia has appealed
the exclusion of this testimony on hearsay grounds, he has not challenged its exclusion on conclusory
grounds. Where evidence has been held to be inadmissible and that holding has not been challenged
on appeal, this court cannot consider the excluded evidence. Inglish v. Prudential Ins. Co., 928
S.W.2d 702, 706 (Tex. App.-Houston [1st Dist.] 1996, writ denied); Rhodes v. Interfirst Bank Fort
Worth, N.A., 719 S.W.2d 263, 265 (Tex. App.-Fort Worth 1986, no writ). Thus, we may not
consider the testimony excluded on conclusory grounds in determining whether Garcia's testimony
is corroborated and therefore admissible under Rule 601(b). However, we must determine whether
the trial court erred in excluding certain testimony on hearsay grounds.

 Garcia argues that the Executor's hearsay objections are unfounded. We construe his issue
to be one complaining of the trial court's exclusion of statements as hearsay. (2) We review the
exclusion of evidence for an abuse of discretion. Maldonado, 25 S.W.3d at 277. Garcia admits that
certain statements contained in the affidavits are hearsay. However, he points to several other
statements that he contends are not hearsay. 

 Each statement in Roberto Garcia's affidavit relating to the alleged agreement that is not
conclusory, is hearsay. For instance, Roberto states that he and his brother, the decedent, agreed that
the decedent "was lending [Roberto] $50,000, and that the deed executed in his favor as Grantee
would serve as a mortgage or security agreement between" Roberto and the decedent. Although
Roberto may testify to his own understanding of the alleged agreement, he may not testify about the
decedent's understanding of it. Such testimony is inadmissible hearsay. See Tex. R. Evid. 801, 802.
Roberto's statement that the decedent agreed to return the property upon repayment of the loan is,
likewise, hearsay. Id. Garcia neither challenges the nature of these statements, nor offers a hearsay
exception under which they fall. Instead, he points to other facts, as stated in Roberto's affidavit, that
were not excluded. Those statements, however, do not establish that the decedent and Roberto
entered into an agreement to convey property as security for a loan. Rather, they show that Roberto
and the decedent had a close familial relationship, that they had entered into similar agreements in
the past, and that the parties to the agreement never changed their behavior in relation to the
property. These facts do not corroborate Garcia's testimony about the alleged agreement.

 Likewise, Arturo Figueroa's affidavit does not corroborate Garcia's testimony. Figueroa
states that he learned about the alleged agreement from Roberto or the decedent after they had
executed the conveyance. This statement implies that Roberto or the decedent told him about the
alleged purpose of the agreement. Figueroa's comments regarding an agreement are hearsay. Id.

 Garcia also points to testimony in Hilda Garcia's affidavit. However, she provides no facts
to support the contention that any agreement existed between the decedent and Roberto. As such,
her affidavit is conclusory and is inadmissible to corroborate Garcia's testimony. We note again that
Garcia does not challenge on appeal the trial court's ruling on the conclusory nature of the affidavits.
We cannot say the trial court abused its discretion in excluding evidence of the agreement in the
affidavits that served as Garcia's response to Executor's motion for summary judgment on hearsay
grounds. 

 The facts contained in the affidavits that were not excluded on either hearsay or conclusory
grounds do not corroborate Garcia's testimony regarding the decedent's statements that the
conveyance was a loan agreement. Accordingly, the trial court did not abuse its discretion in
excluding his testimony in accordance with Texas Rule of Evidence 601(b). Garcia's first issue is
overruled. 

Summary Judgment

 In his second issue, Garcia asserts he presented evidence sufficient to raise a fact issue
regarding the alleged loan agreement, thereby rendering the trial court's order granting summary
judgment erroneous. The purpose of a no-evidence summary judgment motion is to pierce the
pleadings and to assess the proof to determine whether a genuine need for trial exists. Robinson v.
Warner-Lambert, 998 S.W.2d 407, 410 (Tex. App.-Waco 1999, no pet.). In assessing the propriety
of a no-evidence summary judgment motion, we review the evidence in a light favorable to the
respondent against whom the no-evidence summary judgment was rendered, disregarding all
contrary evidence and inferences. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997). A no-evidence summary judgment is improperly granted when the respondent brings forth
more than a scintilla of probative evidence that raises a genuine issue of material fact. Tex. R. Civ.
P. 166a(i); Gomez v. Tri City Community Hosp., Ltd., 4 S.W.3d 281, 283 (Tex. App.-San Antonio
1999, no pet.).

 Here, Garcia sought to recover title to the property under the doctrine of constructive trust.
A constructive trust is not a trust. Ellisor v. Ellisor, 630 S.W.2d 746, 748 (Tex. App.-Houston [1st
Dist.] 1982, no writ). Rather, it is an equitable remedy imposed by law to prevent unjust enrichment.
Fitz-Gerald v. Hull, 237 S.W.2d 256, 262 (Tex. 1951); Young v. Fontenot, 888 S.W.2d 238, 242
(Tex. App.-El Paso 1994, writ denied). A constructive trust may be imposed where there is a
confidential relationship between a grantor and a grantee, and the grantor relies upon the oral
promise of the grantee to reconvey the property. See Stout v. Clayton, 674 S.W.2d 821, 823 (Tex.
App.-San Antonio 1984, writ ref'd n.r.e.). Courts do not enforce the oral contract, but instead,
impose a constructive trust based upon the violation of the fiduciary duty. Omohundro v. Matthews,
341 S.W.2d 401, 405 (Tex. 1960). 

 In this case, Garcia claims the Estate is unjustly enriched by keeping land that decedent
promised to reconvey once a $50,000 loan was repaid and, therefore, constructive trust is an
appropriate remedy. The Executor filed a no-evidence summary judgment motion, alleging there is
no evidence of the loan agreement, and thus, no evidence of any grounds for the imposition of the
constructive trust.

 The evidence that Garcia claims raises a fact issue as to the loan agreement and that exists
in the record for our review is the same evidence Garcia relies on to corroborate the decedent's
statements. Specifically, that Roberto Garcia had financial difficulties; there was a close familial
relationship between Roberto and Decedent; Roberto and Decedent had entered into loan agreements
before; it is not uncommon to have intra-family loan agreements secured by deeds rather than
mortgages; and Roberto continued to act as owner of the property after conveying it to decedent.
None of this evidence directly supports the notion that Roberto and the decedent entered into a loan
agreement. Viewing the evidence in the light most favorable to Garcia, we cannot say that it creates
more than mere surmise or suspicion of the alleged loan agreement. Therefore, without evidence of
a loan agreement, there can be no evidence of unjust enrichment, and the trial court properly granted
Executor's motion for summary judgment. Garcia's second issue is overruled. 

Conclusion


 We overrule Garcia's two issues and affirm the trial court's judgment.


 Karen Angelini, Justice

DO NOT PUBLISH
1. Roberto Garcia, Garcia's father, conveyed his interest in the property to Garcia. Accordingly, Garcia is the
plaintiff in this case.
2. Garcia, in his brief, never expressly challenges the trial court's exclusion of certain statements contained in
the affidavits as hearsay. He simply asserts that the ruling was "unfounded." Not only is Garcia's issue very general, but
he makes no argument and cites no authority to support his contention.