NUMBER 13-10-400-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

CHRISTUS SPOHN HEALTH
SYSTEM

CORPORATION D/B/A
CHRISTUS SPOHN

HOSPITAL CORPUS
CHRISTI-MEMORIAL,                         Appellant,

 

v.

 

JOHN VEN HUIZEN AND
VANESSA VEN

HUIZEN, INDIVIDUALLY
AND AS NEXT FRIENDS

OF GIULIANA SOPHIA
VEN HUIZEN, MINOR CHILD,       Appellees.

                              
                                                                                         

 

On appeal from County
Court at Law No. 1

of Nueces County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Garza, Benavides, and Vela

Memorandum Opinion by
Justice Vela

 

 

 

This is an appeal from the denial of a
plea to the jurisdiction and motion to dismiss filed by appellant, CHRISTUS
Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus
Christi-Memorial (“Spohn”).  The trial court denied Spohn’s motion, which
sought dismissal of the health care liability claims of appellees, John Ven
Huizen and Vanessa Ven Huizen, individually, and as next friends of Giuliana
Ven Huizen, their minor daughter (“Ven Huizens”).  The Ven Huizens also sued
Angelica Dulak, a nurse and Spohn employee.  Spohn filed a motion to dismiss on
behalf of Dulak, urging that section 101.106(e) of the Texas Civil Practice and
Remedies Code mandates dismissal of claims against an employee of a
governmental unit when suit is filed against both the governmental unit and an
employee of the governmental unit.  Tex.
Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2011).  Spohn claims
it was entitled to governmental immunity as a “governmental unit” pursuant to
sections 285.071 and 285.072 of the Texas Health and Safety Code because the
statute rendered Spohn “a hospital district management contractor.”  See
Tex. Health & Safety Code Ann.
§§ 285.071, 285.072 (West 2010).  

Spohn argues that, because it was a
hospital district management contractor, it was a “governmental unit” with
respect to the claims made by the Ven Huizens in this lawsuit.  Spohn also
contends on appeal that the trial court should have dismissed Dulak from the
lawsuit because she was an employee of a governmental unit.  In addition to
denying Spohn’s pleas, the trial court granted the Ven Huizens’ motion for
partial summary judgment, also based on the question of whether Spohn and Dulak
were entitled to immunity.  We reverse and render judgment dismissing the case.

I. Background

On August 10, 2009, the Ven Huizens
filed suit against Spohn, Dulak, and Barbara Estment, M.D., alleging a
healthcare liability claim with respect to injuries that occurred to their
daughter at the time of her birth.  The Ven Huizens alleged that the health
care professionals failed to recognize that their daughter was exhibiting signs
of fetal distress prior to her delivery, which caused her to be born with
severe injuries.  At the time of Giuliana Ven Huizen’s birth, Spohn was
managing Memorial Hospital pursuant to contracts Spohn had entered in 1996 with
the Nueces County Hospital District.  

Spohn filed a plea to the jurisdiction
and a motion to dismiss with respect to the Ven Huizens’ claims against Spohn
and Dulak, asserting that Spohn was a “hospital district management contractor”
and was entitled to immunity as a “governmental unit.” Spohn also sought
dismissal of the Ven Huizens claims against Dulak pursuant to section
101.106(e) of the Texas Civil Practice and Remedies Code.  Id. § 101.106(e)
Spohn also urged that the Ven Huizens failed to prove that their claims fell
within the waiver of immunity under the Tort Claims Act and that the Ven
Huizens failed to provide statutory notice under the Texas Tort Claims Act.  See
Tex. Civ. Prac. & Rem. Code Ann.
§§ 101.021, 101.101 (West 2011).

On May 28, 2010, the Ven Huizens filed a
motion for partial summary judgment pursuant to Texas Rule of Civil Procedure
166a(c) and 166a(i).  They also amended their petition to request a declaratory
judgment that Spohn was an independent contractor and not a governmental unit,
pleaded that Dulak was an employee of an independent contractor, and alleged
that Spohn’s characterization of sections 285.071 and 285.072 of the Texas
Health and Safety Code violated the United States and Texas Constitutions.  

The trial court ultimately denied
Spohn’s claims, granted the Ven Huizens’ motion for partial summary judgment,
and denied the Ven Huizens’ request for declaratory relief and attorney’s
fees.  This interlocutory appeal ensued.                               

II. Standard of Review

The question of whether a party is
entitled to governmental immunity implicates the trial court’s subject matter
jurisdiction.  See Harris County Hosp. Dist., v. Tomball Reg’l Hosp.,
283 S.W.3d 838, 842 (Tex. 2009); Tex. Dep’t of Parks and Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004).  Whether a trial court has subject matter
jurisdiction over a claim is a question of law that this Court reviews de
novo.  Tomball, 283 S.W.3d at 842.  

III. Applicable Law

Spohn claims that because of the contractual
relationship it entered into with the Nueces County Hospital District beginning
in 1996 and that continued to be in force throughout the time frame that
involves this lawsuit, it is entitled to immunity pursuant to sections 285.071 and
285.072 of the health and safety code.  Id. §§ 285.071, 285.072.  It is
undisputed that hospital districts are governmental units entitled to immunity,
and individuals filing suit against a hospital district must comply with the
notice requirements when filing suit against a governmental unit under the tort
claims act.  Tex. Civ. Prac. & Rem.
Code Ann. § 101.001(3) (West 2011); Martinez v. Val Verde County
Hosp. Dist., 140 S.W.3d 370, 371 (Tex. 2004).  It is also clear from the
statute that an entity that is a “hospital district management contractor” is a
governmental unit with respect to its management or operation of a hospital
under a contract with a hospital district.  Section 285.071 of the health and
safety code defines a “hospital district management contractor” as a “nonprofit
corporation, partnership, or sole proprietorship that manages or operates a
hospital or provides services under contract with a hospital district that was
created by general or special law.”  Id. § 285.071.  The statute also
states that:

A
hospital district management contractor in its management or operation of a
hospital under a contract with a hospital district is considered a governmental
unit for purposes of Chapters 101, 102, and 108, Civil Practice and Remedies
Code, and any employee of the contractor is, while performing services under
the contract for the benefit of the hospital, an employee of the hospital
district for the purpose of Chapters 101, 102, and 108, Civil Practice and
Remedies Code.  

 

Id. § 285.072.

Little case law or analysis exists with
respect to this statute.  The Austin Court of Appeals, in an unpublished
memorandum opinion, stated: 

At relevant times,
Brackenridge Hospital has been managed by Seton Healthcare Network (f/k/a
Daughters of Charity Health Services of Austin) under a contract with the
Travis County Hospital District.  There is no dispute that Seton in this regard
is a ‘hospital district management contractor’ that is deemed a ‘governmental
unit’ entitled to the protections of the tort claims act and those employees
are considered ‘employees’ of the hospital district under the act.  

 

See Carroll v. Donau, No. 03-09-00293-CV,
2010 WL 2977462 at *1 (Tex. App.–Austin July 29, 2010, pet. denied) (mem. op.).
 In Carroll, the plaintiff filed a health care liability claim against
Seton.  The parties agreed, in that case, that the hospital was a governmental
unit because Brackenridge was managed by Seton under a contract with the
hospital district. 

 

  

In Rodriguez v. Christus Spohn Health
System Corp., the Fifth Circuit Court of Appeals noted that the parties did
not contest the district court’s determination that Spohn was a “hospital
district management contractor” as defined by section 285.071.  Rodriguez,
628 F. 3d 731, 734 (5th Cir. 2010).  The Court, in Rodriguez, stated
“since Christus is a hospital district management contractor, it is entitled to
governmental immunity for purposes of Chapters 101, 102, and 108 of the Texas
Civil Practice & Remedies Code.”  Id.  The Fifth Circuit opined that
Spohn was entitled to governmental immunity from state law claims unless the
plaintiff pleaded a claim that comes within the purview of the categories of
claims for which the Texas Tort Claims Act waives immunity.  Id.  The
court noted that Rodriguez’s claim, brought under Chapter 74 of the Texas Civil
Practice and Remedies Code, had to be dismissed because it was a tort based on
a statute that contained no waiver of immunity.  Id. at 736.  This
case is notable for our analysis because Christus Spohn, the precise entity
that was determined by the district court in Rodriguez to be a hospital
district management contractor, is the same entity that is before this Court in
this appeal.   

Recently, the Texas Supreme Court ruled
that another section of the health and safety code, section 312.007, rendered
Baylor College of Medicine a state agency.  Klein v. Hernandez, 315
S.W.3d 1 (Tex. 2010).  In Klein, there was an agreement between Baylor
College of Medicine and the Texas Higher Education Coordinating Board to train
resident physicians at public hospitals in Texas.  Id. at 2.  Klein, a
Baylor resident physician, delivered Hernandez’s baby pursuant to the
contract.  Id.  The Hernandezes filed suit against Baylor and Klein for
medical malpractice, alleging that the physician was negligent in delivering
their child.  Both Baylor and Klein filed motions to dismiss for lack of
subject matter jurisdiction, stating that they were entitled to immunity under
sections 312.006 and 312.007 of the Texas Health and Safety Code.  Id.; see
Tex. Health & Safety Code Ann.
§§ 312.006, 312.007 (West 2010).  The supreme court held that under section
312.007, Baylor was a state agency and Klein was considered an employee of a
state agency.  Id. at 8.

While the statute at issue in this case
is different, Klein is instructive because the case makes clear that the
Legislature has granted status to contracting private entities as governmental
units for purposes of the tort claims act.  In Klein, the Texas Supreme
Court concluded that the legislature intended to treat Baylor “like other
governmental entities providing service at public hospitals, extending the same
protection and benefits to Baylor and its residents who work at these
hospitals.”  Id.   

IV.  Analysis

A.  Contract between Spohn and Nueces County Hospital

 

            In 1996, Spohn entered into a contract with
the hospital district to provide health care services to patients at the county
owned hospital formerly known as Memorial Medical Center, now called CHRISTUS
Spohn Hospital Corpus Christi-Memorial.  Three agreements formed the basis of
their arrangement—a lease agreement, a master agreement and an indigent care
agreement.  The parties have amended these agreements over the years since the
initial agreements were made, but the agreements remained in force at the time
the incident made the basis of this suit occurred.   

 

The evidence submitted by Spohn in
support of its motion to dismiss established, through the deposition testimony
of Johnny Hipp, the administrator and chief executive officer of the Nueces
County Hospital District, that Spohn is responsible for the day-to-day
management of the hospital formerly known as Memorial Hospital.  Anyone who is
ill in Nueces County may receive care at Memorial, whether they are indigent or
not.  The undisputed evidence before the trial court was that in 2007, the time
of the alleged incident made the basis of this lawsuit, Spohn was operating
Memorial pursuant to the above contracts.  

The master agreement provided, in part:

Following the
Effective Time and throughout the Term of the Lease, except as otherwise expressly
provided for in this Agreement or the Related Agreements, Tenant and Landlord
agree that:

 

            (a) 
Tenant shall assume sole control of and responsibility for all aspects of the
management and operation of the Hospital, the Purchased Assets and the Leased
Assets . . . 

 

The agreement defined hospitals to
include:  “(a) the hospital facility known as ‘Memorial Medical Center’
(“MMC”), located at 2606 Hospital Boulevard, Corpus Christi, Texas.”  

The master agreement also provided:

 

10.9(b) Landlord
hereby acknowledges and agrees that, during the Term Tenant shall be the exclusive
provider, subject to the specific exceptions set forth in Schedule 10.9(a) of
all services funded and or provided by Landlord to the residents of Nueces
County.  

 

 

 

 

 

 

Spohn argues that it is entitled to a
dismissal of the lawsuit filed against it because it is a hospital management
contractor entitled to the notice provisions under the tort claims act and that
no notice was given of the Ven Huizens’ claim.  It is undisputed that there was
no notice given.  

An entity must satisfy three
requirements to achieve status as a “hospital district management contractor”
under the statute.  First, the entity must be a non-profit corporation,
partnership, or sole proprietorship.  Id. § 285.071.  Second, the entity
must manage or operate a hospital or provide services under a contract with a
hospital district.  Id.  Third, the hospital district must have been
created by general or special law.  Id.  

In support of its position that it is a
non-profit hospital district under the first requirement, Spohn submitted undisputed
evidence that it is a Texas non-profit corporation.  Spohn also presented
evidence that it managed and operated at Memorial under a contract with the
hospital district.  The evidence submitted in support of the motions to dismiss
included the affidavit of Kathyrn Babiak, the controller of finance for Spohn. 
She stated that from 1996 until the present, Spohn has provided services at the
Nueces County Hospital District hospital, formerly known as Memorial Medical
Center, under a contract with the Nueces County Hospital District.  Under the
master and lease agreements between the hospital district and Spohn, Spohn
managed and provided care to all patients at Memorial.  The agreement also
mandated that Spohn was to take sole control of and responsibility for all
aspects of the management and operation of the Hospital.

 

The lease provided:

Tenant
[Spohn] may use, or cause to be used, the Real Property and Leased Assets . . .
for any lawful health care, health care related or social services purpose
(including any other services benefitting or intended for the benefit of the
indigent, poor and medically underserved population), including, but not
limited to, as a general health care facility, general health or rehabilitation
hospital, psychiatric hospital, nursing home, retirement center, congregate
living facility, health care-related apartments or hotel, medical office
building, including incidental office and administrative uses, or any other
medical facility with treatment, diagnostic and/or surgical facilities for
inpatient and outpatient care (which may include, but is not limited to, acute
care inpatient facilities, skilled nursing facilities, intermediate medical
care facilities, home health agencies, primary care clinics, ambulatory care
clinics or similar facilities) offering health care products and services, as
the case may be, and for such other uses as may be necessary or incidental to
such use, all in accordance with the Master Agreement.  

 

Spohn established that there were
contracts in existence between Spohn and   the hospital district that vested Spohn
with the duty and responsibility of assuming sole control of the management of
Memorial hospital.   

The evidence in the record was also
undisputed with respect to the third prong required in order to be a “hospital
district management contractor,” namely that the hospital district had to be
created by general or special law.  Id. § 285.071.  The hospital
district was created pursuant to the Optional Hospital District Law of 1957. 
It was originally enacted pursuant to Texas Revised Civil Statutes article
4494, which was later repealed and codified in section 283.001 of the Texas
Health and Safety Code.  Tex. Health
& Safety Code Ann. § 283.001 (West 2010).  Spohn introduced evidence
establishing as a matter of law, for purposes of the plea to the jurisdiction,
that it met the necessary requirements to be a hospital management contractor
as set forth in the section 285.071 of the statute.

The Ven Huizens do not actually argue
that Spohn failed to meet the “technical” requirements of the statute.  Rather,
they urge that section 285.071 is inapplicable to the contracts between Spohn
and the hospital district, because the contracts designate Spohn an independent
contractor and, as such, independent contractors are expressly excluded under
the Texas Tort Claims Act.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.001(2) (West 2011).  The Ven
Huizens point to that portion of the agreement that describes the relationship
between Spohn and the District as independent contractors.   Spohn conceded at
the hearing that it is an independent contractor, but argued that it is the
only conceivable relationship that an entity that is operating and managing
services under a contract with a hospital district could have with the hospital
district.  Spohn urges that when the Ven Huizens decided to use Memorial as the
hospital where their daughter would be born, the care was provided pursuant to
Spohn’s management and provision of services contract at Spohn Memorial. 

The statute specifically anticipates
that the parties will enter into a contractual relationship.  It states that a
“hospital management contractor . . . provides services under a contract
with a hospital district . . . .”  Tex.
Health & Safety Code Ann. § 285.072.  (emphasis added)  There is
nothing in the statute that either anticipates or requires a hospital
management contractor to be an employee of the hospital district in order to
come within the purview of the statute.  To interpret the statute as the Ven
Huizens suggest would render the statute meaningless.  A court should not
interpret a statute in a manner that renders any part of the statute
meaningless or superfluous.  Columbia Med. Ctr. of Las Colinas, Inc. v.
Hogue, 271 S.W.3d 238, 256 (Tex. 2008).  

The Ven Huizens also argue that a
hospital district management contractor must be an employee of the hospital
district in order to be a governmental unit under the tort claims act.  They
cite Maldonado v. Frio Hospital Association as authority for the
proposition that the proper defendant in a case brought against a hospital
district management contractor is the hospital district 25 S.W.3d 274, 276
(Tex. App.–San Antonio 2000, no pet.).  Maldonado, however, is
distinguishable, as it was decided based upon a version of the statute that has
been superseded.  The former version stated:  “A hospital district management
contractor and any employee of the contractor, are, while performing services
under the contract for the benefit of the hospital, are employees of the
hospital district for purposes of Chapter 101 and 102, Civil Practice and
Remedies Code.”  Id.; see Act of May 27, 1991, 72d. Leg., R.S.
ch. 523, § 1, 1806, 1807.  After Maldonado was decided, section 285.072
was amended to (1) remove prior language making a hospital district management
contractor an employee of the hospital district, and (2) now provides that the
hospital management contractor is, itself, the governmental unit.  Tex. Health & Safety Code Ann. §
285.072.

The Ven Huizens also cite numerous cases
for the proposition that an independent contractor cannot assert immunity for
performance of a governmental function.  In Gonzalez v. Heard, Goggan, Blair
and Williams, taxpayers brought an action against a law firm that was
retained by a taxing authority.  923 S.W.2d 764, 765 (Tex. App.–Corpus Christi
1996, writ denied).  After suit was filed, the law firm filed a motion for
summary judgment on the ground that it was immune.  This Court reversed the
summary judgment, holding that the law firm was being sued for its own actions
involving foreclosure, not the actions of the taxing entity.  Id. at
767.  This Court also stated that there was a fact issue regarding whether the
law firm was an independent contractor or employee.  Id. at 766.  In Gonzalez,
the question was whether the law firm was acting as an agent for the State or
was an independent contractor.  Id.  Unlike this case, there was no
statute in the Gonzalez case stating that the law firms performing
governmental duties are governmental units themselves.  Here, section 285.072
expressly states that hospital management contractors are governmental units.  See
Tex. Health & Safety Code Ann.
§ 285.072.

In City of Alton v. Sharyland Water
Supply Corporation, this Court held that independent contractors could
not assert immunity pursuant to section 101.001(2) of the Texas Civil Practice
and Remedies Code.  145 S.W.3d 673, 682 (Tex. App.–Corpus Christi 2004, no
pet.).  This Court’s reasoning was that under the tort claims act there is no
immunity for independent contractors.  Here, however, Spohn’s claim of immunity
arises specifically from a statute whose purpose is to grant governmental unit
status to those contractors that agree to perform the work of hospital
districts and that are considered governmental units under the broad definition
of governmental units set forth in section 101.001(3) of the civil practice and
remedies code.  Similarly, in Overstreet v. McClelland, the Amarillo court
held that a plaintiff had a cause of action against an independent contractor
that was doing construction work on an improvement upon a public highway.  13
S.W.2d 990, 992 (Tex. Civ. App.–Amarillo 1928, writ dism’d w.o.j.).  

These cases are each distinguishable
from this one because here there is an applicable statute that specifically
states that a hospital district management contractor, in its operation
of a hospital under a contract with a hospital district, is considered a
governmental unit for purposes of Chapter 101 of the civil practice and
remedies code.  Tex. Health & Safety
Code Ann. § 285.072.  Therefore, those cases holding that an
independent contractor may not assert an immunity claim simply do not apply. 
Here, we look to a statute that was enacted to assist in the provision of
medical care to the public.  Spohn’s contractual relationship with the hospital
district, that of independent contractor, does not negate the applicability of
sections 285.071 and 285.072 that specifically make a hospital management
contractor a governmental unit while performing services for the benefit of the
hospital.  See id. §§ 285.071, 285.072.

Here, the Ven Huizens alleged that Spohn
Memorial, individually and through its agents and servants, committed
malpractice.  They further alleged that the hospital had been holding itself
out to the public as a hospital that would have properly trained, competent, and
qualified personnel and would provide the necessary and proper hospital facilitated
and necessary equipment and appliances for the treatment of its patients, and
would see to it that its patients were properly cared for with the necessary
care and precaution of a hospital.  

The Ven Huizens also argue that there is
no immunity because they were not indigent.  The evidence is undisputed that
Vanessa Ven Huizen was a resident physician at Spohn Memorial at the time of
their daughter’s birth and both of the Ven Huizens were privately insured. 
Spohn counters that even though the Ven Huizens were not indigent, when a party
chooses treatment at a hospital operating under a management contract with a
hospital district, as here, there is immunity because it is considered a
governmental unit and governmental units are immune from suit and from
liability.  See Martinez, 140 S.W.3d at 373.  We agree.  Sections
285.071 and 285.072 render Spohn a governmental unit because it was managing or
operating a hospital under a contract with a hospital district.  Tex. Health & Safety Code Ann. §§
285.071, 285.072.  The evidence is undisputed that at the time of the incident
made the basis of this lawsuit, Spohn was operating under a contract with the
hospital district to operate Spohn Memorial.  We find no exception in the
statute that immunity is granted only with respect to the treatment of indigent
patients who are treated at Memorial pursuant to a contract and we find no such
authority for creating an exception.  There is nothing in the plain language of
the statute that delineates between the types of care received at a hospital
that is being managed for the hospital district.  The record shows that Spohn
was solely responsible for managing, operating and providing services at
Memorial to both indigent and non-indigent patients.  We see no language
excepting those patients who pay for their care from the statute, and it is not
our province to create such an exception when the statutory language is not
ambiguous or unclear.  

The specificity of the statute clearly
renders Spohn a governmental unit.  The Ven Huizens’ claims with respect to
this lawsuit are, that the hospital, individually and through its employees,
held itself as an institution that could properly care for its patients and
that it failed.  The contracts in place gave Spohn sole control over the
management and operation of the hospital.  Therefore, we hold that Spohn was a
governmental unit for purposes of the treatment of the Ven Huizens’ daughter. 
In sum, Spohn established its right to immunity pursuant to sections 285.071
and 285.072.

B.  Immunity with respect to Nurse Dulak

The Ven Huizens also argue that Nurse
Dulak is not immune because she is not an employee of a governmental unit under
the tort claims act.  They urge that she was not being paid by the hospital
district, but was paid by Spohn and she was sued in her individual, rather than
in her official capacity.  Spohn filed a motion to dismiss pursuant to section
101.106(e) of the civil practice and remedies code that was denied by the trial
court.  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.106(e).

Section 285.072 of the civil practice
and remedies code states that “any employee of the contractor is, while
performing under the contract for the benefit of the hospital, an employee of
the hospital district for the purposed of Chapters 101, 102, and 108, Civil
Practice and Remedies Code.”  § 285.072.  Section 101.106(e) of the Civil
Practice and Remedies Code states that if a suit is filed under this chapter
against both a governmental unit and any of its employees, the employee shall
immediately be dismissed on the filing of a motion by the governmental unit.  Tex. Civ. Prac. & Rem. Code §
101.106(e).  One purpose of section 101.106(e) is “to force a plaintiff to
decide at the outset whether an employee acted independently and is thus solely
liable, or acted within the general scope of his or her employment such that
the governmental unit is vicariously liable, thereby reducing the resources
that the government and its employees must use in defending redundant
litigation and alternative theories of recovery.”  Mission Consol. Indep.
Sch. Dist. v. Garcia, 253 S.W.3d 653, 657 (Tex. 2008).  

The record before the trial court
established that the Ven Huizens pleaded claims against Spohn and Dulak, Spohn
was a governmental unit pursuant to section 285.072, Dulak was an employee of
Spohn and therefore, an employee of a governmental unit.  The tort claims act
is the only avenue for recovery against the governmental unit; thus all tort
theories alleged against a governmental unit, are assumed to be under the tort
claims act.  Garcia, 235 S.W.3d at 659.  Because Spohn is a governmental
unit, and because Dulak was an employee of a governmental unit, the trial court
should have dismissed the case against nurse Dulak pursuant to section
101.106(e).  See § 101.106(e). 

The Ven Huizens also argue that under Kassen
v. Hatley, nurse Dulak had to show that she was performing a function
involving government discretion, not medical discretion and would not be immune. 
Kassen v. Hatley, 887 S.W.2d 4 (Tex. 1994).  Recently, in Franka v. Velasquez,
the Texas Supreme Court foreclosed that option:  suit may not be brought against
a government employee in his or her individual capacity if the employee was
acting within the scope of employment.  Franka v. Velasquez, 332 S.W.3d
367, 381 (Tex. 2011).  In the supreme court’s opinion, it also reiterated that
all common law tort theories alleged against a governmental unit are assumed to
be under the tort claims act for purposes of section 101.106.  Id. at 369.

The trial court should have dismissed
Spohn’s motion requesting dismissal of the individual claim against Dulak.  

C.  Waiver of Immunity

Spohn argues that the Ven Huizens did
not plead any claims that would come with the purview of the tort claims act
waiver of immunity.  The only relevant provision is section 101.021(2), which
states that a governmental entity is liable for personal injury and death
caused by a condition or use of tangible personal or real property if the
government would be liable to a claimant if it were a private person.  Tex. Civ. Prac. & Rem. Code Ann. §
101.021(2).  (West 2011).  The Ven Huizens pleaded that Spohn and its employee
failed to recognize the signs of fetal distress.  They did not plead that the
injuries were caused by the condition or use of tangible personal or real
property.  The failure to properly assess a patient’s condition is not a claim
based on the use of tangible personal or real property.  Clemons v. Citizens
Med. Ctr. 54 S.W.3d 463, 468 (Tex. App.–Corpus Christi 2001, no pet.). 
Further, the Ven Huizens concede in their brief that they have not alleged any
use of tangible personal or real property.  The pleadings also failed to state
an actionable cause of action against Spohn with respect to waiver of
immunity.  

D. 
Constitutionality of sections 285.071 and 285.072 of the Texas Civil

   
Practice and Remedies Code   

 

1.  Due Process

The Ven Huizens argue that the
construction and interpretation of sections 285.071 and 285.072 of the civil
practice and remedies code offered by Spohn violates: 

the Due Process Clauses of the Fourteenth Amendment of
the United States Constitution and Article 1, Section 19 of the Texas
Constitution, the Equal Protection Clause of the Fourteenth Amendment of the
United States Constitution, the Takings Clause of the Fifth Amendment to the
United States Constitution and Article I, Section 17 of the Texas Constitution,
and the Open Courts Provision (Article I, Section 13) of the Texas
Constitution.

In determining the constitutionality of
a statute, we construe a statute in a manner that renders the statute
constitutional and gives effect to the Legislature’s intent.  Walker v.
Gutierrez, 111 S.W.3d 56, 66 (Tex. 2003); Tex. Mun. League Intergovernmental
Risk Pool v. Tex. Workers, Comp. Comm’n, 74 S.W.3d 377, 381 (Tex. 2002). 
In analyzing the Ven Huizens’ claim that the statute deprives them of due
process, we note that the United States Supreme Court's substantive due process
analysis has two primary features:

First, we have
regularly observed that the Due Process Clause specially protects those
fundamental rights and liberties which are, objectively, “deeply rooted in this
Nation's history and tradition,” and “implicit in the concept of ordered liberty,”
such that “neither liberty nor justice would exist if they were sacrificed.”
Second, we have required in substantive-due-process cases a “careful
description” of the asserted fundamental liberty interest. Our Nation's
history, legal traditions, and practices thus provide the critical “guideposts
for responsible decisionmaking” that direct and restrain our exposition of the
Due Process Clause. 

 

Washington v. Glucksberg,
521 U.S. 702, 721 (1997) (citations and parentheticals omitted); see Ex
parte Morales, 212 S.W.3d 483, 493 (Tex. App.–Austin 2006, pet. ref'd).

The Ven Huizens argue that they have a
well recognized common law cause of action for medical malpractice that is
impaired by extending the protections of the tort claims act to Spohn
Memorial.  The Ven Huizens, however, cite no cases in support of their claim. 
The burden is upon the one challenging the statute to show that statutory
restrictions are unconstitutional.  Walker, 111 S.W.3d at 66.  Sections
285.071 and 285.072 are related to a legitimate state interest because the
statute is the means whereby a non-profit corporation has the same protections
as hospital districts in order to provide quality health care to residents. 
The Ven Huizens have failed to show that the statute violates due process.  

 

 

2.  Open Courts

The Ven Huizens also make an open courts
challenge under article 1 section 13  of the Texas Constitution.  See Tex. Const. art. I § 13.  To establish
an open courts violation, the Van Huizens had to show that they had a
cognizable common law claim that is being restricted and the restriction is
unreasonable or arbitrary when balanced against the statute’s purpose.  Yancy
v. United Surgical Partners Int’l, Inc., 236 S.W.3d 778, 783 (Tex. 2007). 
Here, sections 285.071 and 285.072 did not prevent the Ven Huizens from filing
a medical malpractice claim.  Rather, the statute required claims against a hospital
district management contractor to satisfy the prerequisites set forth in the
tort claims act, including filing a claim that comes within the waiver of
immunity and meeting the notice requirements.  Tex. Civ. Prac. & Rem. Code Ann. §§ 101.101, 101.021(2). 
We agree with Spohn that any alleged restriction on the Ven Huizens’ ability to
file suit is not unreasonable, when balanced against the statute’s purpose.

3.  Equal Protection

The Ven Huizens also argue that sections
285.071 and 285.072 violate the equal protection clauses of the United States
and Texas Constitutions.  They argue that the equal protection clause is
violated “by dividing similarly situated tort victims into at least two classes,
and dividing similarly situated tort defendants into at least two classes based
on the identity of the tortfeasor responsible for the injury, and by treating
those classes of injured persons, and those classes of defendants differently,
without a relationship to any legitimate governmental interest.”  

 

 The Equal Protection Clause requires
that all persons similarly situated be treated in the same manner.  Plyler
v. Doe, 457 U.S. 202, 216 (1982).  Section 285.071 and 285.072 apply
equally to all individuals who seek to file suit against a hospital management
contractor under the tort claims act.  Any individual who files suit against a
hospital management contractor must satisfy the prerequisites for filing suit
against a government unit set forth in the Tort Claims Act.  Therefore,
sections 285.071 and 285.072 apply to all claimants and do not violate the
Equal Protection Clause.  

4.  Takings Clause

The Ven Huizens also argue that the
statute violates the Takings clauses of the United States and Texas
Constitutions.  See U.S. Const.
amend V; Tex. Const. art. 1, §
17.  The three part test for identifying a constitutional taking is:  (1) the
state intentionally performed certain acts; (2) resulting in a taking of
property; (3) for public use.  Steele v. City of Houston, 603 S.W.2d
786, 791 (Tex. 1980).  They urge that the “Takings clause of the Fifth
Amendment provides that private property shall not be taken for public use
without just compensation.”  The Ven Huizens claim that they have a private
property interest in their common-law cause of action for damages for medical
negligence.  However, what they claim was taken was a right to bring a medical
malpractice action apart from the provisions of the Tort Claims Act.  Sections
285.071 and 285.072, however, do not bar individuals from filing a healthcare
liability claim against a hospital district management contractor.  Rather, the
statute requires that the claim is subject to the Tort Claims Act.  Even if we
were to conclude that the right to file a health care liability claim
unencumbered by the tort claims act was a constitutionally protected property
interest, we find no evidence or authority that there was any taking for public
use without just compensation.  Therefore, the statute does not violate the
Takings clause. 

V.  Conclusion

We sustain appellants’ issues and
reverse and render judgment dismissing the case.

 

 

 

                                                                        ROSE
VELA

                                                                                    Justice

 

 

Delivered and filed
the 

19th day of May, 2011.