# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2010

No. 10-40371

Lyle W. Cayce
Clerk

SUSANNA HINOJOSA RODRIGUEZ,

Plaintiff-Appellee

v.

CHRISTUS SPOHN HEALTH SYSTEM CORPORATION:
CHRISTUS SPOHN HEALTH SYSTEM CORPORATION, doing business as
Christus Spohn Hospital Corpus Christi, -Memorial;
CHRISTUS HEALTH,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.
REAVLEY, Circuit Judge:

Appellants CHRISTUS Spohn Health System Corp., CHRISTUS Spohn Health System Corp. d/b/a CHRISTUS Spohn Hospital Corpus Christi–Memorial, and CHRISTUS Health (collectively "CHRISTUS") appeal the district court's denial of their Rule 12(b)(1) motion to dismiss Appellee Susanna Hinojosa Rodriguez's state law claims based on government immunity. The primary issue on appeal is whether Rodriguez's claims fall under the Texas Tort Claims Act. If so, defendant CHRISTUS is entitled to government immunity on

No. 10-40371

her state law claims,[1] and defendant John Hill must be dismissed pursuant to the Tort Claims Act's election of remedies provision.  The district court denied CHRISTUS's motion to dismiss under Rule 12(b)(1), holding that Rodriguez's claims were statutory claims and therefore not covered by the Tort Claims Act. We vacate that order but a limited claim is approved.

## I. Background

Rodriguez brought suit alleging that while receiving voluntary inpatient mental health treatment at Christus Spohn Hospital Corpus Christi–Memorial, Behavioral Medicine Department she was sexually assaulted by a staff member, John Hill ("Hill").  Along with allegations of violations of the Texas and United States Constitutions, she pleaded causes of action against CHRISTUS for violations of (1) Chapter 74 of the Texas Civil Practice and Remedies Code—the Medical Liability Act; (2) Chapter 81 of the Texas Civil Practice and Remedies Code—the Sexual Exploitation by Mental Health Services Provider Act; and (3) Chapter 321 of the Texas Health and Safety Code—"Patient Bill of Rights." Additionally, she pleaded a cause of action against Hill for assault and battery.

CHRISTUS filed a Rule 12(b)(1) motion to dismiss based on immunity and election of remedies, or alternatively a motion for partial summary judgment. With one small exception, the district court denied CHRISTUS's 12(b)(1) motion, ruling that CHRISTUS did not have immunity from suit on Rodriguez's claims. The district court granted CHRISTUS's motion to certify its order under 28 U.S.C. § 1292(b). We subsequently granted their motion for leave to appeal. We, therefore, have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## II. Discussion

---

[1] Rodriguez brought both state and federal claims.  Only her state law claims are at issue here.

No. 10-40371

"We review a ruling on a FED. R. CIV. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction *de novo*,"[2] "applying the same standards as the district court."[3]  A district court may determine its jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[4]  "[I]f the court's decision rests on one of the first two of these bases—in which case the court need not decide among conflicting factual positions—our review is limited to determining whether the district court's application of the law is correct and, if the decision is based on undisputed facts, whether those facts are indeed undisputed."[5]  "But, if the court has relied . . . on its own determination of disputed factual issues, we must then review those findings as we would any other district court resolution of factual disputes—we must accept the district court's findings unless they are 'clearly erroneous.'"[6]

## A.    Claims Against CHRISTUS

As a threshold matter, the parties do not contest the district court's determination that CHRISTUS is a "hospital district management contractor" as defined by section 285.071 of the Texas Health and Safety Code.  Since CHRISTUS is a hospital district management contractor, it is entitled to governmental immunity[7] for the purposes of Chapters 101, 102, and 108 of the

---

[2] *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010).

[3] *LeClerc v. Webb*, 419 F.3d 405, 413 (5th Cir. 2005).

[4] *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001).

[5] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[6] *Id.*

[7] Both sovereign immunity and governmental immunity "afford the same degree of protection and both levels of government are subject to the Tort Claims Act." *Mission Consol.*

No. 10-40371

Texas Civil Practice & Remedies Code.[8]  Chapter 101 is the Texas Tort Claims Act, while chapters 102 and 108 cover tort claims payments by local governments, and limitation of liability for public servants, respectively.  And Rodriguez does not claim that a Tort Claims Act tort would be entitled to the limited waiver of immunity provided by the Act.[9]  Where the parties part ways is on the question whether Rodriguez's three state law claims are torts that fall under the Act.

### 1.    Torts Falling "Under the Tort Claims Act"

CHRISTUS contends that the district court erred when it held that statutory claims may never fall under the Tort Claims Act, and argues that Texas courts have long applied the Act to various statutory causes of action. Rodriguez argues that the waiver granted to "hospital district management contractors" should be extremely limited—applying to common law torts only; to read it otherwise would essentially make these contractors a part of the government.  However, the statute itself and the case law do not support her argument.

The Tort Claims Act itself contains no language limiting its scope to common law torts.  Instead, the Act's limited waiver allows for certain actions for which a person "would be personally liable to the claimant according to *Texas law*," not *Texas common law*.[10]  Also, the Texas Legislature placed it in Title 4 of the Civil Practice and Remedies Code, entitled "Liability in Tort," which codifies, or makes statutory, many traditional common law torts, such as Libel—Chapter 73, Trespass—Chapter 80, and Products Liability—Chapter 82.

---

*Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 n.2 (Tex. 2008).

[8] TEX. HEALTH & SAFETY CODE § 285.072.

[9] *See* TEX. CIV. PRAC. & REM. CODE § 101.021.

[10] § 101.021 (emphasis added).

No. 10-40371

And, the Legislature clearly contemplated the interplay of statutory torts with the Tort Claims Act. For example, in Chapter 74—the Medical Liability Act, the Legislature provided that "in the event of a conflict between this chapter and Section 101.023, 102.003, or 108.002, those sections of this code control to the extent of the conflict,"[11] and specified that "[t]his chapter does not waive sovereign immunity from suit or from liability."[12] Nor does the plain language of § 285.072 of the Texas Health and Safety Code, conveying governmental immunity to hospital district management contractors, limit immunity to common law torts alone.[13]

The Texas Supreme Court has held that causes of action based on statutes containing their own waiver of immunity do not fall under the Act.[14] However, the Texas Supreme Court has never barred all statutory claims from falling under the Tort Claims Act. And, subsequent cases from the state courts of appeals have followed the pattern of distinguishing claims based on statutes containing independent waivers of immunity.[15] Further, Texas courts treat

---

[11] TEX. CIV. PRAC. & REM. CODE § 74.002(b),

[12] § 74.003.

[13] "A hospital district management contractor in its management or operation of a hospital under a contract with a hospital district is considered a governmental unit for purposes of Chapters 101, 102, and 108, Civil Practice and Remedies Code[.]" TEX. HEALTH & SAFETY CODE § 285.072.

[14] *Garcia*, 253 S.W.3d at 659 ("Claims against the government brought *pursuant to waivers of sovereign immunity that exist apart from the Tort Claims Act* are not brought 'under the [Tort Claims Act].'") (emphasis added).

[15] *See, e.g., Castro v. McNabb*, 319 S.W.3d 721, 731–32 (Tex. App.–El Paso 2009, no pet.) (holding that plaintiff's claim under the Declaratory Judgment Act was not "under the Tort Claims Act," because the Declaratory Judgment Act separately waived sovereign immunity); *see also Kelemen v. Elliott*, 260 S.W.3d 518, 523 (Tex. App.–Houston [1st Dist.] 2008, no pet.) ("Like the claim in *Garcia*, the statutory claim under the [Human Rights Act] and the claim for the Whistleblower Act violation are claims brought against the government pursuant to waivers of sovereign immunity that exist apart from the Tort Claims Act" and "are similarly not claims under the Tort Claims Act.").

statutory torts like common law torts absent some conflicting statutory provisions.[16]  We are, therefore, persuaded that statutory claims may fall under the Tort Claims Act provided (1) they are tort claims, and (2) they do not contain independent waivers of sovereign immunity, and we analyze Rodriguez's claims accordingly.

It should be understood that "the Tort Claims Act does not create a cause of action; it merely waives sovereign immunity as a bar to a suit that would otherwise exist."[17]  Claims brought under the Tort Claims Act must first be claims based on a viable theory of tort liability.  So, the phrase "brought under the Tort Claims Act" is merely shorthand for the fact that the government may not be sued in tort unless a separate, viable tort fits within the limited waiver provided by the Act.

Therefore, the question becomes whether Rodriguez's statutory claims sound in tort, and, if so, whether they contain an independent waiver of immunity.  The Tort Claims Act does not define tort, so we apply its commonly accepted meaning.  Tort liability depends on both the existence and violation of a duty.[18]  Statutes may create duties on which tort liability is premised.[19]  Not all statutory claims sound in tort, so the court must examine each claim to

---

[16] *See JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 705 (Tex. 2008) (applying the Texas proportionate responsibility statute, TEX. CIV. PRAC. & REM. CODE § 33.002, to UCC article 3 conversion claims); *Garcia*, 253 S.W.3d at 659 ("[A]s we have said, all tort theories of recovery alleged against a governmental unit are presumed to be under the [Tort Claims Act].") (internal quotation marks omitted).

[17] *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997).

[18] *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997).

[19] *See, e.g., City of Waco v. Kirwan*, 298 S.W.3d 618, 623–24 (Tex. 2009) (examining the duty imposed by statue governing recreational use of land, TEX. CIV. PRAC. & REM. CODE § 75.002); *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683–85 (Tex. 2007) ("In the Dram Shop Act, the Legislature created a duty, not recognized at common law, on alcohol providers[.]").

determine its basis. "The precise nature of the claim is ordinarily identified by examining the damages alleged: when the damages are purely economic, the claim sounds in contract, but a . . . claim alleging damages for death or personal injury sounds in tort."[20]

## 2.    Chapter 74 Claim

In her first claim against CHRISTUS, based on Chapter 74 of the Texas Civil Practice and Remedies Code—the Medical Liability Act, Rodriguez alleges *inter alia* that CHRISTUS owed her a duty to keep her safe by following proper procedures for warning patients, hiring and training employees, and providing a safe environment.  Because of CHRISTUS's alleged breach of its duty, Rodriguez claims that she was sexually assaulted by an employee.  She seeks damages for her injury.  Chapter 74 does not create a separate cause of action, but rather governs all tort claims that are considered "health care liability claims" as defined by the statute.[21]  But even if it did create a statutory cause of action, it would sound in tort.  The Texas Legislature classified Chapter 74 as affecting tort claims when it placed it in Title 4 of the Texas Civil Practice and Remedies Code, entitled Liability in Tort.  Rodriguez's Chapter 74 claim sounds in tort. Additionally, Chapter 74 expressly does not waive sovereign immunity.[22] Rodriguez's Chapter 74 claim must be dismissed because it is a tort based on a statute that contains no independent waiver of immunity.

## 3.    Chapter 81

In the second claim, under Chapter 81 of the Texas Civil Practice and Remedies Code—the Sexual Exploitation by Mental Health Provider Act,

---

[20] *JCW Elecs.*, 257 S.W.3d at 705.

[21] TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13); *See Clark v. TIRR Rehab. Ctr.*, 227 S.W.3d 256, 260 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (evaluating plaintiff's negligence claim to determine if it was a "health care liability claim" under Chapter 74).

[22] TEX. CIV. PRAC. & REM. CODE § 74.003.

No. 10-40371

Rodriguez alleges that she was sexually assaulted by Hill—an employee of CHRISTUS. Here, she claims personal injury for which she seeks monetary damages and/or equitable relief. This claim also sounds in tort. However, Chapter 81 contains a partial waiver of immunity.[23] Section 81.010 allows a cause of action as defined in § 81.002[24] against governmental units but only for "(1) an order requiring the governmental unit to discharge the mental health services provider who committed the conduct; (2) court costs; and (3) reasonable attorney's fees, as determined by the court."[25] Since CHRISTUS is "considered a governmental unit for the purposes of [the Tort Claims Act]," it enjoys the same level of partial immunity.[26] Thus, it is immune to any claim under Chapter 81 except as allowed by § 81.010. Rodriguez's Chapter 81 claim must be dismissed, except to the extent that it falls under § 81.010.

## 4.    Chapter 321 Claim

Rodriguez's last claim is based on violations of Chapter 321 of the Texas Health and Safety Code—"Patient Bill of Rights." Section 321.002 imposes on

---

[23] TEX. CIV. PRAC. & REM. CODE § 81.010.

[24]    Section 81.002 provides that:

A mental health services provider is liable to a patient or former patient of the mental health services provider for damages for sexual exploitation if the patient or former patient suffers, directly or indirectly, a physical, mental, or emotional injury caused by, resulting from, or arising out of:
> (1) sexual contact between the patient or former patient and the mental health services provider;
> (2) sexual exploitation of the patient or former patient by the mental health services provider; or
> (3) therapeutic deception of the patient or former patient by the mental health services provider.

TEX. CIV. PRAC. & REM. CODE § 81.002.

[25] § 81.010(b), (d).

[26] *See* TEX. HEALTH & SAFETY CODE § 285.072.

8

No. 10-40371

all mental health facilities an affirmative duty to inform patients of their rights.[27] Section 321.003 provides a cause of action for breaches of this duty and proscribes remedies.[28] A plaintiff may sue for injunctive relief and/or damages, including damages for mental anguish. Although Chapter 321 does not fall within Title 4 of the Civil Practice and Remedies Code codifying tort liability, the claim sounds in tort because of the remedy sought.[29] And since the Texas Supreme Court has determined that § 321.003 does not contain an independent waiver of sovereign immunity,[30] Rodriguez's Chapter 321 claim also falls under the Tort Claims Act and must be dismissed.

## B.   Claims Against Hill

CHRISTUS argues that the district court erred when it denied CHRISTUS's Rule 12(b)(1) motion to dismiss Rodriguez's claims for assault and battery against Hill. CHRISTUS contends that pursuant to the Tort Claims Act's election of remedies scheme laid out in § 101.106,[31] Hill must be dismissed as a party. Rodriguez counters that for the reasons she urged above, the Tort Claims Act, and therefore its election of remedies provision, is inapplicable.

In their briefing, the parties do not dispute that Hill is an employee of CHRISTUS[32] or that CHRISTUS filed a motion under this section to have Hill

---

[27] TEX. HEALTH & SAFETY CODE § 321.002(f).

[28] § 321.003.

[29] *See JCW Elecs.*, 257 S.W.3d at 705.

[30] *Beaumont State Ctr. v. Kozlowski ex rel. Allen*, 108 S.W.3d 899, 900 (Tex. 2003) (per curiam).

[31] Section 101.106(e) provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e).

[32] For the first time, at oral argument, Rodriguez argued that Hill was an employee of the hospital district, not CHRISTUS. Since Rodriguez did not brief this issue, it is waived. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 417 (5th Cir. 2009) ("[W]e deem this issue

No. 10-40371

dismissed.  As discussed above, Rodriguez's claims all fall within the scope of the Tort Claims Act.  And, her claims against Hill and CHRISTUS arise from the same incident—the alleged sexual assault by Hill.[33]  The Texas Supreme Court has held that all claims falling under the Tort Claims Act, not just those for which the Tort Claims Act waived immunity, trigger the election of remedies provision.[34]  Therefore, pursuant to the election of remedies provision of the Tort Claims Act, Rodriguez's claims against Hill must be dismissed.

## III.  Conclusion

For the foregoing reasons, the order being appealed is vacated but a limited claim pursuant to Section 81.010 of the Texas Civil Practice and Remedies Code is approved.  The case is remanded for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.

---

waived due to inadequate briefing.").

[33] *See Garcia*, 253 S.W.3d at 657 (Section 101.106 "is intended to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer").

[34] *Id.* at 659.