

NUMBER 13-10-400-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHRISTUS SPOHN HEALTH SYSTEM
CORPORATION D/B/A CHRISTUS SPOHN
HOSPITAL CORPUS CHRISTI-MEMORIAL,                    Appellant,

v.

JOHN VEN HUIZEN AND VANESSA VEN
HUIZEN, INDIVIDUALLY AND AS NEXT FRIENDS
OF GIULIANA SOPHIA VEN HUIZEN, MINOR CHILD,          Appellees.

**On appeal from County Court at Law No. 1
of Nueces County, Texas.**

# MEMORANDUM OPINION

Before Justices Garza, Benavides, and Vela
Memorandum Opinion by Justice Vela

This is an appeal from the denial of a plea to the jurisdiction and motion to dismiss filed by appellant, CHRISTUS Spohn Health System Corporation d/b/a CHRISTUS Spohn Hospital Corpus Christi-Memorial ("Spohn"). The trial court denied Spohn's motion, which sought dismissal of the health care liability claims of appellees, John Ven Huizen and Vanessa Ven Huizen, individually, and as next friends of Giuliana Ven Huizen, their minor daughter ("Ven Huizens"). The Ven Huizens also sued Angelica Dulak, a nurse and Spohn employee. Spohn filed a motion to dismiss on behalf of Dulak, urging that section 101.106(e) of the Texas Civil Practice and Remedies Code mandates dismissal of claims against an employee of a governmental unit when suit is filed against both the governmental unit and an employee of the governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2011). Spohn claims it was entitled to governmental immunity as a "governmental unit" pursuant to sections 285.071 and 285.072 of the Texas Health and Safety Code because the statute rendered Spohn "a hospital district management contractor." *See* TEX. HEALTH & SAFETY CODE ANN. §§ 285.071, 285.072 (West 2010).

Spohn argues that, because it was a hospital district management contractor, it was a "governmental unit" with respect to the claims made by the Ven Huizens in this lawsuit. Spohn also contends on appeal that the trial court should have dismissed Dulak from the lawsuit because she was an employee of a governmental unit. In addition to denying Spohn's pleas, the trial court granted the Ven Huizens' motion for partial summary judgment, also based on the question of whether Spohn and Dulak were entitled to immunity. We reverse and render judgment dismissing the case.

2

## I. BACKGROUND

On August 10, 2009, the Ven Huizens filed suit against Spohn, Dulak, and Barbara Estment, M.D., alleging a healthcare liability claim with respect to injuries that occurred to their daughter at the time of her birth. The Ven Huizens alleged that the health care professionals failed to recognize that their daughter was exhibiting signs of fetal distress prior to her delivery, which caused her to be born with severe injuries. At the time of Giuliana Ven Huizen's birth, Spohn was managing Memorial Hospital pursuant to contracts Spohn had entered in 1996 with the Nueces County Hospital District.

Spohn filed a plea to the jurisdiction and a motion to dismiss with respect to the Ven Huizens' claims against Spohn and Dulak, asserting that Spohn was a "hospital district management contractor" and was entitled to immunity as a "governmental unit." Spohn also sought dismissal of the Ven Huizens claims against Dulak pursuant to section 101.106(e) of the Texas Civil Practice and Remedies Code. *Id.* § 101.106(e) Spohn also urged that the Ven Huizens failed to prove that their claims fell within the waiver of immunity under the Tort Claims Act and that the Ven Huizens failed to provide statutory notice under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, 101.101 (West 2011).

On May 28, 2010, the Ven Huizens filed a motion for partial summary judgment pursuant to Texas Rule of Civil Procedure 166a(c) and 166a(i). They also amended their petition to request a declaratory judgment that Spohn was an independent contractor and not a governmental unit, pleaded that Dulak was an employee of an independent contractor, and alleged that Spohn's characterization of sections 285.071 and 285.072 of

3

the Texas Health and Safety Code violated the United States and Texas Constitutions.

The trial court ultimately denied Spohn's claims, granted the Ven Huizens' motion for partial summary judgment, and denied the Ven Huizens' request for declaratory relief and attorney's fees. This interlocutory appeal ensued.

## II. STANDARD OF REVIEW

The question of whether a party is entitled to governmental immunity implicates the trial court's subject matter jurisdiction. *See Harris County Hosp. Dist., v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009); *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a trial court has subject matter jurisdiction over a claim is a question of law that this Court reviews de novo. *Tomball*, 283 S.W.3d at 842.

## III. APPLICABLE LAW

Spohn claims that because of the contractual relationship it entered into with the Nueces County Hospital District beginning in 1996 and that continued to be in force throughout the time frame that involves this lawsuit, it is entitled to immunity pursuant to sections 285.071 and 285.072 of the health and safety code. *Id.* §§ 285.071, 285.072. It is undisputed that hospital districts are governmental units entitled to immunity, and individuals filing suit against a hospital district must comply with the notice requirements when filing suit against a governmental unit under the tort claims act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3) (West 2011); *Martinez v. Val Verde County Hosp. Dist.*, 140 S.W.3d 370, 371 (Tex. 2004). It is also clear from the statute that an entity that is a "hospital district management contractor" is a governmental unit with respect to its management or operation of a hospital under a contract with a hospital district. Section

4

285.071 of the health and safety code defines a "hospital district management contractor" as a "nonprofit corporation, partnership, or sole proprietorship that manages or operates a hospital or provides services under contract with a hospital district that was created by general or special law." *Id.* § 285.071. The statute also states that:

> A hospital district management contractor in its management or operation of a hospital under a contract with a hospital district is considered a governmental unit for purposes of Chapters 101, 102, and 108, Civil Practice and Remedies Code, and any employee of the contractor is, while performing services under the contract for the benefit of the hospital, an employee of the hospital district for the purpose of Chapters 101, 102, and 108, Civil Practice and Remedies Code.

*Id.* § 285.072.

Little case law or analysis exists with respect to this statute. The Austin Court of Appeals, in an unpublished memorandum opinion, stated:

> At relevant times, Brackenridge Hospital has been managed by Seton Healthcare Network (f/k/a Daughters of Charity Health Services of Austin) under a contract with the Travis County Hospital District. There is no dispute that Seton in this regard is a 'hospital district management contractor' that is deemed a 'governmental unit' entitled to the protections of the tort claims act and those employees are considered 'employees' of the hospital district under the act.

*See Carroll v. Donau*, No. 03-09-00293-CV, 2010 WL 2977462 at *1 (Tex. App.–Austin July 29, 2010, pet. denied) (mem. op.). In *Carroll*, the plaintiff filed a health care liability claim against Seton. The parties agreed, in that case, that the hospital was a governmental unit because Brackenridge was managed by Seton under a contract with the hospital district.

5

In *Rodriguez v. Christus Spohn Health System Corp.*, the Fifth Circuit Court of Appeals noted that the parties did not contest the district court's determination that Spohn was a "hospital district management contractor" as defined by section 285.071. *Rodriguez*, 628 F. 3d 731, 734 (5th Cir. 2010). The Court, in *Rodriguez*, stated "since Christus is a hospital district management contractor, it is entitled to governmental immunity for purposes of Chapters 101, 102, and 108 of the Texas Civil Practice & Remedies Code." *Id.* The Fifth Circuit opined that Spohn was entitled to governmental immunity from state law claims unless the plaintiff pleaded a claim that comes within the purview of the categories of claims for which the Texas Tort Claims Act waives immunity. *Id.* The court noted that Rodriguez's claim, brought under Chapter 74 of the Texas Civil Practice and Remedies Code, had to be dismissed because it was a tort based on a statute that contained no waiver of immunity. *Id.* at 736. This case is notable for our analysis because Christus Spohn, the precise entity that was determined by the district court in *Rodriguez* to be a hospital district management contractor, is the same entity that is before this Court in this appeal.

Recently, the Texas Supreme Court ruled that another section of the health and safety code, section 312.007, rendered Baylor College of Medicine a state agency. *Klein v. Hernandez*, 315 S.W.3d 1 (Tex. 2010). In *Klein*, there was an agreement between Baylor College of Medicine and the Texas Higher Education Coordinating Board to train resident physicians at public hospitals in Texas. *Id.* at 2. Klein, a Baylor resident physician, delivered Hernandez's baby pursuant to the contract. *Id.* The Hernandezes filed suit against Baylor and Klein for medical malpractice, alleging that the

6

physician was negligent in delivering their child. Both Baylor and Klein filed motions to dismiss for lack of subject matter jurisdiction, stating that they were entitled to immunity under sections 312.006 and 312.007 of the Texas Health and Safety Code. *Id.*; *see* TEX. HEALTH & SAFETY CODE ANN. §§ 312.006, 312.007 (West 2010). The supreme court held that under section 312.007, Baylor was a state agency and Klein was considered an employee of a state agency. *Id.* at 8.

While the statute at issue in this case is different, *Klein* is instructive because the case makes clear that the Legislature has granted status to contracting private entities as governmental units for purposes of the tort claims act. In *Klein*, the Texas Supreme Court concluded that the legislature intended to treat Baylor "like other governmental entities providing service at public hospitals, extending the same protection and benefits to Baylor and its residents who work at these hospitals." *Id.*

## IV. ANALYSIS

### A. Contract between Spohn and Nueces County Hospital

In 1996, Spohn entered into a contract with the hospital district to provide health care services to patients at the county owned hospital formerly known as Memorial Medical Center, now called CHRISTUS Spohn Hospital Corpus Christi-Memorial. Three agreements formed the basis of their arrangement—a lease agreement, a master agreement and an indigent care agreement. The parties have amended these agreements over the years since the initial agreements were made, but the agreements remained in force at the time the incident made the basis of this suit occurred.

The evidence submitted by Spohn in support of its motion to dismiss established, through the deposition testimony of Johnny Hipp, the administrator and chief executive officer of the Nueces County Hospital District, that Spohn is responsible for the day-to-day management of the hospital formerly known as Memorial Hospital. Anyone who is ill in Nueces County may receive care at Memorial, whether they are indigent or not. The undisputed evidence before the trial court was that in 2007, the time of the alleged incident made the basis of this lawsuit, Spohn was operating Memorial pursuant to the above contracts.

The master agreement provided, in part:

Following the Effective Time and throughout the Term of the Lease, except as otherwise expressly provided for in this Agreement or the Related Agreements, Tenant and Landlord agree that:

(a)   Tenant shall assume sole control of and responsibility for all aspects of the management and operation of the Hospital, the Purchased Assets and the Leased Assets . . .

The agreement defined hospitals to include:   "(a) the hospital facility known as 'Memorial Medical Center' ("MMC"), located at 2606 Hospital Boulevard, Corpus Christi, Texas."

The master agreement also provided:

10.9(b) Landlord hereby acknowledges and agrees that, during the Term Tenant shall be the exclusive provider, subject to the specific exceptions set forth in Schedule 10.9(a) of all services funded and or provided by Landlord to the residents of Nueces County.

Spohn argues that it is entitled to a dismissal of the lawsuit filed against it because it is a hospital management contractor entitled to the notice provisions under the tort claims act and that no notice was given of the Ven Huizens' claim. It is undisputed that there was no notice given.

An entity must satisfy three requirements to achieve status as a "hospital district management contractor" under the statute. First, the entity must be a non-profit corporation, partnership, or sole proprietorship. *Id.* § 285.071. Second, the entity must manage or operate a hospital or provide services under a contract with a hospital district. *Id.* Third, the hospital district must have been created by general or special law. *Id.*

In support of its position that it is a non-profit hospital district under the first requirement, Spohn submitted undisputed evidence that it is a Texas non-profit corporation. Spohn also presented evidence that it managed and operated at Memorial under a contract with the hospital district. The evidence submitted in support of the motions to dismiss included the affidavit of Kathyrn Babiak, the controller of finance for Spohn. She stated that from 1996 until the present, Spohn has provided services at the Nueces County Hospital District hospital, formerly known as Memorial Medical Center, under a contract with the Nueces County Hospital District. Under the master and lease agreements between the hospital district and Spohn, Spohn managed and provided care to all patients at Memorial. The agreement also mandated that Spohn was to take sole control of and responsibility for all aspects of the management and operation of the Hospital.

9

The lease provided:

> Tenant [Spohn] may use, or cause to be used, the Real Property and Leased Assets . . . for any lawful health care, health care related or social services purpose (including any other services benefitting or intended for the benefit of the indigent, poor and medically underserved population), including, but not limited to, as a general health care facility, general health or rehabilitation hospital, psychiatric hospital, nursing home, retirement center, congregate living facility, health care-related apartments or hotel, medical office building, including incidental office and administrative uses, or any other medical facility with treatment, diagnostic and/or surgical facilities for inpatient and outpatient care (which may include, but is not limited to, acute care inpatient facilities, skilled nursing facilities, intermediate medical care facilities, home health agencies, primary care clinics, ambulatory care clinics or similar facilities) offering health care products and services, as the case may be, and for such other uses as may be necessary or incidental to such use, all in accordance with the Master Agreement.

Spohn established that there were contracts in existence between Spohn and the hospital district that vested Spohn with the duty and responsibility of assuming sole control of the management of Memorial hospital.

The evidence in the record was also undisputed with respect to the third prong required in order to be a "hospital district management contractor," namely that the hospital district had to be created by general or special law. *Id.* § 285.071. The hospital district was created pursuant to the Optional Hospital District Law of 1957. It was originally enacted pursuant to Texas Revised Civil Statutes article 4494, which was later repealed and codified in section 283.001 of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 283.001 (West 2010). Spohn introduced evidence establishing as a matter of law, for purposes of the plea to the jurisdiction, that it met the necessary requirements to be a hospital management contractor as set forth in the section 285.071 of the statute.

10

The Ven Huizens do not actually argue that Spohn failed to meet the "technical" requirements of the statute. Rather, they urge that section 285.071 is inapplicable to the contracts between Spohn and the hospital district, because the contracts designate Spohn an independent contractor and, as such, independent contractors are expressly excluded under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2) (West 2011). The Ven Huizens point to that portion of the agreement that describes the relationship between Spohn and the District as independent contractors. Spohn conceded at the hearing that it is an independent contractor, but argued that it is the only conceivable relationship that an entity that is operating and managing services under a contract with a hospital district could have with the hospital district. Spohn urges that when the Ven Huizens decided to use Memorial as the hospital where their daughter would be born, the care was provided pursuant to Spohn's management and provision of services contract at Spohn Memorial.

The statute specifically anticipates that the parties will enter into a contractual relationship. It states that a "hospital management contractor . . . provides services *under a contract* with a hospital district . . . ." TEX. HEALTH & SAFETY CODE ANN. § 285.072. (emphasis added) There is nothing in the statute that either anticipates or requires a hospital management contractor to be an employee of the hospital district in order to come within the purview of the statute. To interpret the statute as the Ven Huizens suggest would render the statute meaningless. A court should not interpret a statute in a manner that renders any part of the statute meaningless or superfluous. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008).

11

The Ven Huizens also argue that a hospital district management contractor must be an employee of the hospital district in order to be a governmental unit under the tort claims act. They cite *Maldonado v. Frio Hospital Association* as authority for the proposition that the proper defendant in a case brought against a hospital district management contractor is the hospital district 25 S.W.3d 274, 276 (Tex. App.–San Antonio 2000, no pet.). *Maldonado*, however, is distinguishable, as it was decided based upon a version of the statute that has been superseded. The former version stated: "A hospital district management contractor and any employee of the contractor, are, while performing services under the contract for the benefit of the hospital, are employees of the hospital district for purposes of Chapter 101 and 102, Civil Practice and Remedies Code." *Id.*; *see* Act of May 27, 1991, 72d. Leg., R.S. ch. 523, § 1, 1806, 1807. After *Maldonado* was decided, section 285.072 was amended to (1) remove prior language making a hospital district management contractor an employee of the hospital district, and (2) now provides that the hospital management contractor is, itself, the governmental unit. TEX. HEALTH & SAFETY CODE ANN. § 285.072.

The Ven Huizens also cite numerous cases for the proposition that an independent contractor cannot assert immunity for performance of a governmental function. In *Gonzalez v. Heard, Goggan, Blair and Williams*, taxpayers brought an action against a law firm that was retained by a taxing authority. 923 S.W.2d 764, 765 (Tex. App.–Corpus Christi 1996, writ denied). After suit was filed, the law firm filed a motion for summary judgment on the ground that it was immune. This Court reversed the summary judgment, holding that the law firm was being sued for its own actions involving

12

foreclosure, not the actions of the taxing entity. *Id.* at 767. This Court also stated that there was a fact issue regarding whether the law firm was an independent contractor or employee. *Id.* at 766. In *Gonzalez*, the question was whether the law firm was acting as an agent for the State or was an independent contractor. *Id.* Unlike this case, there was no statute in the *Gonzalez* case stating that the law firms performing governmental duties are governmental units themselves. Here, section 285.072 expressly states that hospital management contractors are governmental units. *See* TEX. HEALTH & SAFETY CODE ANN. § 285.072.

In *City of Alton v. Sharyland Water Supply Corporation*, this Court held that independent contractors could not assert immunity pursuant to section 101.001(2) of the Texas Civil Practice and Remedies Code. 145 S.W.3d 673, 682 (Tex. App.–Corpus Christi 2004, no pet.). This Court's reasoning was that under the tort claims act there is no immunity for independent contractors. Here, however, Spohn's claim of immunity arises specifically from a statute whose purpose is to grant governmental unit status to those contractors that agree to perform the work of hospital districts and that are considered governmental units under the broad definition of governmental units set forth in section 101.001(3) of the civil practice and remedies code. Similarly, in *Overstreet v. McClelland*, the Amarillo court held that a plaintiff had a cause of action against an independent contractor that was doing construction work on an improvement upon a public highway. 13 S.W.2d 990, 992 (Tex. Civ. App.–Amarillo 1928, writ dism'd w.o.j.).

These cases are each distinguishable from this one because here there is an applicable statute that specifically states that a hospital district management *contractor,*

13

in its operation of a hospital under a contract with a hospital district, is considered a governmental unit for purposes of Chapter 101 of the civil practice and remedies code. TEX. HEALTH & SAFETY CODE ANN. § 285.072. Therefore, those cases holding that an independent contractor may not assert an immunity claim simply do not apply. Here, we look to a statute that was enacted to assist in the provision of medical care to the public. Spohn's contractual relationship with the hospital district, that of independent contractor, does not negate the applicability of sections 285.071 and 285.072 that specifically make a hospital management contractor a governmental unit while performing services for the benefit of the hospital. *See id.* §§ 285.071, 285.072.

Here, the Ven Huizens alleged that Spohn Memorial, individually and through its agents and servants, committed malpractice. They further alleged that the hospital had been holding itself out to the public as a hospital that would have properly trained, competent, and qualified personnel and would provide the necessary and proper hospital facilitated and necessary equipment and appliances for the treatment of its patients, and would see to it that its patients were properly cared for with the necessary care and precaution of a hospital.

The Ven Huizens also argue that there is no immunity because they were not indigent. The evidence is undisputed that Vanessa Ven Huizen was a resident physician at Spohn Memorial at the time of their daughter's birth and both of the Ven Huizens were privately insured. Spohn counters that even though the Ven Huizens were not indigent, when a party chooses treatment at a hospital operating under a management contract with a hospital district, as here, there is immunity because it is considered a governmental

14

unit and governmental units are immune from suit and from liability. *See Martinez*, 140 S.W.3d at 373. We agree. Sections 285.071 and 285.072 render Spohn a governmental unit because it was managing or operating a hospital under a contract with a hospital district. TEX. HEALTH & SAFETY CODE ANN. §§ 285.071, 285.072. The evidence is undisputed that at the time of the incident made the basis of this lawsuit, Spohn was operating under a contract with the hospital district to operate Spohn Memorial. We find no exception in the statute that immunity is granted only with respect to the treatment of indigent patients who are treated at Memorial pursuant to a contract and we find no such authority for creating an exception. There is nothing in the plain language of the statute that delineates between the types of care received at a hospital that is being managed for the hospital district. The record shows that Spohn was solely responsible for managing, operating and providing services at Memorial to both indigent and non-indigent patients. We see no language excepting those patients who pay for their care from the statute, and it is not our province to create such an exception when the statutory language is not ambiguous or unclear.

The specificity of the statute clearly renders Spohn a governmental unit. The Ven Huizens' claims with respect to this lawsuit are, that the hospital, individually and through its employees, held itself as an institution that could properly care for its patients and that it failed. The contracts in place gave Spohn sole control over the management and operation of the hospital. Therefore, we hold that Spohn was a governmental unit for purposes of the treatment of the Ven Huizens' daughter. In sum, Spohn established its right to immunity pursuant to sections 285.071 and 285.072.

15

## B. Immunity with respect to Nurse Dulak

The Ven Huizens also argue that Nurse Dulak is not immune because she is not an employee of a governmental unit under the tort claims act. They urge that she was not being paid by the hospital district, but was paid by Spohn and she was sued in her individual, rather than in her official capacity. Spohn filed a motion to dismiss pursuant to section 101.106(e) of the civil practice and remedies code that was denied by the trial court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e).

Section 285.072 of the civil practice and remedies code states that "any employee of the contractor is, while performing under the contract for the benefit of the hospital, an employee of the hospital district for the purposed of Chapters 101, 102, and 108, Civil Practice and Remedies Code." § 285.072. Section 101.106(e) of the Civil Practice and Remedies Code states that if a suit is filed under this chapter against both a governmental unit and any of its employees, the employee shall immediately be dismissed on the filing of a motion by the governmental unit. TEX. CIV. PRAC. & REM. CODE § 101.106(e). One purpose of section 101.106(e) is "to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 657 (Tex. 2008).

The record before the trial court established that the Ven Huizens pleaded claims against Spohn and Dulak, Spohn was a governmental unit pursuant to section 285.072,

16

Dulak was an employee of Spohn and therefore, an employee of a governmental unit. The tort claims act is the only avenue for recovery against the governmental unit; thus all tort theories alleged against a governmental unit, are assumed to be under the tort claims act. *Garcia*, 235 S.W.3d at 659. Because Spohn is a governmental unit, and because Dulak was an employee of a governmental unit, the trial court should have dismissed the case against nurse Dulak pursuant to section 101.106(e). *See* § 101.106(e).

The Ven Huizens also argue that under *Kassen v. Hatley*, nurse Dulak had to show that she was performing a function involving government discretion, not medical discretion and would not be immune. *Kassen v. Hatley*, 887 S.W.2d 4 (Tex. 1994). Recently, in *Franka v. Velasquez*, the Texas Supreme Court foreclosed that option: suit may not be brought against a government employee in his or her individual capacity if the employee was acting within the scope of employment. *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). In the supreme court's opinion, it also reiterated that all common law tort theories alleged against a governmental unit are assumed to be under the tort claims act for purposes of section 101.106. *Id.* at 369.

The trial court should have dismissed Spohn's motion requesting dismissal of the individual claim against Dulak.

### C. Waiver of Immunity

Spohn argues that the Ven Huizens did not plead any claims that would come with the purview of the tort claims act waiver of immunity. The only relevant provision is section 101.021(2), which states that a governmental entity is liable for personal injury and death caused by a condition or use of tangible personal or real property if the

17

government would be liable to a claimant if it were a private person. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). (West 2011). The Ven Huizens pleaded that Spohn and its employee failed to recognize the signs of fetal distress. They did not plead that the injuries were caused by the condition or use of tangible personal or real property. The failure to properly assess a patient's condition is not a claim based on the use of tangible personal or real property. *Clemons v. Citizens Med. Ctr.* 54 S.W.3d 463, 468 (Tex. App.–Corpus Christi 2001, no pet.). Further, the Ven Huizens concede in their brief that they have not alleged any use of tangible personal or real property. The pleadings also failed to state an actionable cause of action against Spohn with respect to waiver of immunity.

### D. Constitutionality of sections 285.071 and 285.072 of the Texas Civil Practice and Remedies Code

### 1. Due Process

The Ven Huizens argue that the construction and interpretation of sections 285.071 and 285.072 of the civil practice and remedies code offered by Spohn violates: the Due Process Clauses of the Fourteenth Amendment of the United States Constitution and Article 1, Section 19 of the Texas Constitution, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, the Takings Clause of the Fifth Amendment to the United States Constitution and Article I, Section 17 of the Texas Constitution, and the Open Courts Provision (Article I, Section 13) of the Texas Constitution.

In determining the constitutionality of a statute, we construe a statute in a manner that renders the statute constitutional and gives effect to the Legislature's intent. *Walker*

18

*v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003); *Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers, Comp. Comm'n*, 74 S.W.3d 377, 381 (Tex. 2002). In analyzing the Ven Huizens' claim that the statute deprives them of due process, we note that the United States Supreme Court's substantive due process analysis has two primary features:

> First, we have regularly observed that the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, "deeply rooted in this Nation's history and tradition," and "implicit in the concept of ordered liberty," such that "neither liberty nor justice would exist if they were sacrificed." Second, we have required in substantive-due-process cases a "careful description" of the asserted fundamental liberty interest. Our Nation's history, legal traditions, and practices thus provide the critical "guideposts for responsible decisionmaking" that direct and restrain our exposition of the Due Process Clause.

*Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (citations and parentheticals omitted); *see Ex parte Morales*, 212 S.W.3d 483, 493 (Tex. App.–Austin 2006, pet. ref'd).

The Ven Huizens argue that they have a well recognized common law cause of action for medical malpractice that is impaired by extending the protections of the tort claims act to Spohn Memorial. The Ven Huizens, however, cite no cases in support of their claim. The burden is upon the one challenging the statute to show that statutory restrictions are unconstitutional. *Walker*, 111 S.W.3d at 66. Sections 285.071 and 285.072 are related to a legitimate state interest because the statute is the means whereby a non-profit corporation has the same protections as hospital districts in order to provide quality health care to residents. The Ven Huizens have failed to show that the statute violates due process.

### 2. Open Courts

The Ven Huizens also make an open courts challenge under article 1 section 13 of the Texas Constitution. *See* TEX. CONST. art. I § 13. To establish an open courts violation, the Van Huizens had to show that they had a cognizable common law claim that is being restricted and the restriction is unreasonable or arbitrary when balanced against the statute's purpose. *Yancy v. United Surgical Partners Int'l, Inc*., 236 S.W.3d 778, 783 (Tex. 2007). Here, sections 285.071 and 285.072 did not prevent the Ven Huizens from filing a medical malpractice claim. Rather, the statute required claims against a hospital district management contractor to satisfy the prerequisites set forth in the tort claims act, including filing a claim that comes within the waiver of immunity and meeting the notice requirements. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.101, 101.021(2). We agree with Spohn that any alleged restriction on the Ven Huizens' ability to file suit is not unreasonable, when balanced against the statute's purpose.

### 3. Equal Protection

The Ven Huizens also argue that sections 285.071 and 285.072 violate the equal protection clauses of the United States and Texas Constitutions. They argue that the equal protection clause is violated "by dividing similarly situated tort victims into at least two classes, and dividing similarly situated tort defendants into at least two classes based on the identity of the tortfeasor responsible for the injury, and by treating those classes of injured persons, and those classes of defendants differently, without a relationship to any legitimate governmental interest."

20

The Equal Protection Clause requires that all persons similarly situated be treated in the same manner. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). Section 285.071 and 285.072 apply equally to all individuals who seek to file suit against a hospital management contractor under the tort claims act. Any individual who files suit against a hospital management contractor must satisfy the prerequisites for filing suit against a government unit set forth in the Tort Claims Act. Therefore, sections 285.071 and 285.072 apply to all claimants and do not violate the Equal Protection Clause.

### 4. Takings Clause

The Ven Huizens also argue that the statute violates the Takings clauses of the United States and Texas Constitutions. *See* U.S. CONST. amend V; TEX. CONST. art. 1, § 17. The three part test for identifying a constitutional taking is: (1) the state intentionally performed certain acts; (2) resulting in a taking of property; (3) for public use. *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980). They urge that the "Takings clause of the Fifth Amendment provides that private property shall not be taken for public use without just compensation." The Ven Huizens claim that they have a private property interest in their common-law cause of action for damages for medical negligence. However, what they claim was taken was a right to bring a medical malpractice action apart from the provisions of the Tort Claims Act. Sections 285.071 and 285.072, however, do not bar individuals from filing a healthcare liability claim against a hospital district management contractor. Rather, the statute requires that the claim is subject to the Tort Claims Act. Even if we were to conclude that the right to file a health care liability claim unencumbered by the tort claims act was a constitutionally protected property

21

interest, we find no evidence or authority that there was any taking for public use without just compensation.   Therefore, the statute does not violate the Takings clause.

## V. CONCLUSION

We sustain appellants' issues and reverse and render judgment dismissing the case.


ROSE VELA
Justice


Delivered and filed the
19th day of May, 2011.