# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2012

No. 11-10517
Summary Calendar

Lyle W. Cayce
Clerk

NACHIAPPAN SUBBIAH MUTHUKUMAR,

Plaintiff-Appellant

v.

L. DOUGLAS KIEL,

Defendant-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-1131

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A former doctoral student at the University of Texas at Dallas alleged that his dissertation advisor discriminated against him due to his national origin, breached an implied contract, and committed various state-law torts. The district court dismissed the complaint for failure to state a claim. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10517

BACKGROUND

Nachiappan Muthukumar was a student and teaching assistant at the University of Texas at Dallas. In June 2007, he failed a comprehensive exam given by the School of Management that was required for an International Business degree. He filed several internal grievances against faculty professors alleging they would not reveal his grades. He also transferred to the School of Economics, Policy and Political Science in pursuit of a Public Affairs degree.

In November 2008, Muthukumar filed a charge with the Equal Employment Opportunity Commission. He later filed an array of *pro se* state and federal lawsuits. In January 2010, he sued the University in the U.S. District Court for the Northern District of Texas asserting several federal civil rights claims. In March 2010, he filed two additional cases in Dallas County. One was filed in the 14th Judicial District Court against the University,[1] while the case before us today was filed against Professor L. Douglas Kiel in the 162nd Judicial District. Kiel removed the suit to federal court based on federal-question jurisdiction. The court exercised supplemental jurisdiction over several state claims. *See* 28 U.S.C. §§ 1331, 1367(a). Muthukumar alleged that Kiel was his doctoral dissertation chair. In that capacity, Kiel allegedly obstructed his progress by purposefully denying financial aid, preventing him from gathering necessary data, and spreading rumors detrimental to his academic and professional prospects.

The district court denied Kiel's first motion to dismiss, instead granting Muthukumar leave to file an amended complaint. The amended complaint relied on Section 1983 and also Title VI and Title VII of the Civil Rights Act of

---

[1] The University removed the state case against it, and the Northern District consolidated Muthukumar's original federal action with it. That consolidated action was dismissed for failure to state a claim and is subject to a separate appeal under docket number 11-10518.

No. 11-10517

1964.  42 U.S.C. §§ 1983, 2000d, & 2000e.  A breach of contract and several torts under Texas law were also claimed.  Kiel again filed a motion to dismiss, which the district court granted as to all claims.  Muthukumar timely appeals.

## DISCUSSION

Our review of the district court's dismissal for failure to state a claim is *de novo.  Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795-96 (5th Cir. 2011).  In order to withstand a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 796 (quotation marks and citation omitted).  We may affirm the judgment of the district court "on any grounds raised below and supported by the record." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010).

## I.     *Federal Claims*

Kiel is not a proper defendant for either of the federal discrimination claims.  "[T]here is no individual liability for employees under Title VII."  *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002); *see also Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003).  The statute forbids discrimination by an "employer," a term defined as "a person engaged in an industry affecting commerce who has fifteen or more employees."  42 U.S.C. §§ 2000e(b), 2000e-2.  Professor Kiel was not the employer.  This section also references "any agent" of an employer, but that term merely incorporates the principle of *respondeat superior* liability into Title VII.  *Amedisys*, 298 F.3d at 448.  There is caselaw suggesting that it may be proper to name a supervisor as the defendant as the agent of the actual employer.  *See Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994).  No individual liability by the agent results, though.  *Id.* at 652-53.  The record indicates that Muthukumar has brought a separate suit against the University.  The amended complaint against Kiel in

3

the present suit seeks to impose individual liability against him.  Kiel was an employee of the University and is not a Title VII employer.  *Thomas v. Choctaw Mgmt./Servs. Enter.*, 313 F.3d 910, 911 (5th Cir. 2002).

The Title VI claim similarly fails.  As the district court recognized, that provision outlaws discrimination "under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d; *see generally United States v. Baylor Univ. Med. Ctr.*, 736 F.2d 1039 (5th Cir. 1984).  We agree with the Eleventh Circuit that Title VI permits suits only against public or private entities receiving funds and not against individuals such as Kiel.  *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1171 (11th Cir. 2003).

Finally, the Section 1983 claim requires allegations that state actors deprived a plaintiff of federal rights.  *Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 165 (5th Cir. 2007).  Muthukumar has not alleged a violation of any constitutional provision, and the only federal statutory rights he has invoked are Title VI and Title VII.  The district court was right to dismiss this claim.

## II.     *State Causes of Action*

Texas law sets out a specific scheme for plaintiffs to pursue tort claims against the state and its employees under the Texas Tort Claims Act.  *See Misson Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655-56 (Tex. 2008).  There is an "Election of Remedies" provision, under which the filing of a suit "against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter."  Tex. Civ. Prac. & Rem. Code § 101.106(a); *see Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 737-38 (5th Cir. 2010).

It is undisputed that before he sued Kiel in this action, Muthukumar filed another action against the University initially asserting many of the same torts as here. The district court compared this complaint with those lodged against the University in state and federal court, and deemed them all as "arising out of the same actions, transactions, or occurrences." *Dall. Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 344 (Tex. 1998) (quotation marks anc citation omitted). We agree. Both actions pertain to the same time period of his doctoral studies and allege misconduct by the University faculty. His amended complaint in the other consolidated action also described Professor Kiel as an individual important to the case. Muthukumar's argument that he is not proceeding under the Tort Claims Act and therefore did not trigger the election of remedies provision, represents a misconception about the statutory scheme. The "phrase 'brought under the Tort Claims Act' is merely shorthand for the fact that the government may not be sued in tort unless a separate, viable tort fits within the limited waiver provided by the Act." *Rodriguez*, 628 F.3d at 736. Therefore, it is proper to hold Muthukumar to his election for all of his tort claims.[2] *See id.* at 738.

Finally, we consider the breach of contract claim. Texas recognizes that circumstances can create a contractual relationship even absent a formal document. *See R.R. Mgmt. Co., v. CFS La. Midstream Co.*, 428 F.3d 214, 222 (5th Cir. 2005). In addition to proving the contract, a claim for breach requires: (1) performance by the plaintiff, (2) a breach by the defendant, and (3) that damages flow from the breach. *See, e.g., Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Even after being granted leave to amend, Muthukumar made no assertions to support the existence of a contract with Kiel, nor did he address the other

---

[2] His claims are tortious interference with contract, intentional infliction of emotional distress, defamation, breach of fiduciary duty, and what he denominated "contort."

elements of breach. The claim is a "formulaic recitation of the elements of [that] cause of action," which fails to satisfy Rule 8's pleading standard. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). Not even a *pro se* plaintiff may advance beyond the pleading stage merely by averring he will "show the court and the jury the presence of the elements of such a contract and its breach." *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Based on Muthukumar's threadbare allegations we have no basis on which to infer that it is plausible that Kiel is liable for breach of contract. *Id.*

AFFIRMED.